OPINION
{¶ 1} Plaintiff-appellant, Fields Excavating, Inc. ("Fields"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Welsh Electric Company, Inc. ("Welsh"), for relief from judgment pursuant to Civ.R. 60(B). For the following reasons, we reverse the judgment of the trial court and remand this case to that court with instructions.
 {¶ 2} On April 22, 2003, plaintiff filed a complaint in the Franklin County Court of Common Pleas against defendant Welsh, alleging that defendant failed to complete work that it agreed to perform pursuant to a settlement agreement, and that plaintiff was thereby damaged. On May 10, 2003, the complaint was served on defendant's statutory agent. Defendant did not file an answer, and on June 27, 2003, plaintiff filed a motion for default judgment against defendant. On June 30, 2003, the trial court granted the motion and entered judgment in favor of plaintiff Fields and against defendant Welsh for $143,000, and the costs of the action.
 {¶ 3} On August 26, 2003, defendant filed a motion, with a memorandum in support, to set aside the judgment pursuant to Civ.R. 60(B). On January 13, 2004, without a hearing on the matter,[1] the trial court granted defendant's Civ.R. 60(B) motion. In its decision, the trial court stated as follows:
In the case at bar, upon careful review and consideration, the Defendant has set forth sufficient grounds to demonstrate excusable neglect. The Motion was filed within a reasonable time, less than two months after default judgment was granted. Further, without determining the likelihood of success on the merits, the Defendant has set forth a meritorious defense to the claims against it. Therefore, in the interests of justice and deciding this matter on the merits, the Court finds the Defendant's Motion for relief from judgment pursuant to Civ.R. 60(B) to be well taken.
The trial court did not provide a basis for finding sufficient grounds to demonstrate excusable neglect, nor did the trial court state the meritorious defense that defendant had set forth.
 {¶ 4} Plaintiff appeals to this court, and asserts the following three assignments of error:
1. The trial court erred in finding that defendant has demonstrated the necessary excusable neglect required to obtain relief from judgment pursuant to Civ.R. 60(B).
2. The trial court erred in finding that the defendant has a meritorious defense to plaintiff's claims.
3. The trial court erred in granting defendant's motion to set aside the judgment of August 26, 2003.
 {¶ 5} Because they involve interrelated issues, we will address plaintiff's assignments of error together. In this appeal, plaintiff argues that the trial court erred in finding that defendant had established excusable neglect and a meritorious defense, and that the trial court consequently erred in granting defendant's Civ.R. 60(B) motion.
 {¶ 6} "The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion." Sain v. Roo, Franklin App. No. 02AP-448, 2003-Ohio-626, at ¶ 11, citing Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Each requirement is independent of the others, and therefore, the moving party must separately establish all three requirements of the "GTE test," or the Civ.R. 60(B) motion will be denied.
 {¶ 8} Nothing requires that a Civ.R. 60(B) motion be supported by an affidavit or other evidence given under oath. Turowski v. AppleVacations, Inc., Summit App. No. 21074, 2002-Ohio-6988, at ¶ 8, citing both Landmark America, Inc. v. Overholt (July 12, 2000), Medina App. No. 3036-M, and Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. However, in order to prevail on a motion for Civ.R. 60(B) relief, "[t]he movant must establish [the requirements of GTE] by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath." Countrywide Home Loans v. Barclay, Franklin App. No. 04AP-171, 2004-Ohio-6359, at ¶ 9, citing East Ohio Gas Co. v.Walker (1978), 59 Ohio App.2d 216, 220. Therefore, "[u]nsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." Coleman v. Cleveland School District Bd. of Edn., Cuyahoga App. No. 84274, 2004-Ohio-5854, at ¶ 76, citing East Ohio Gas Co.
 {¶ 9} Here, defendant's Civ.R. 60(B) motion presented insufficient evidence to warrant the granting of the motion, as the defendant failed to submit any allegations of operative facts of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Also, we note that the record does not otherwise contain sufficient evidence establishing all three prongs of the GTE test. Thus, there was insufficient evidentiary material in the record before the trial court to warrant the setting aside of the judgment on the basis of the Civ.R. 60(B) motion. For this reason, we find that the trial court abused its discretion in granting defendant's Civ.R. 60(B) motion to set aside the judgment.
 {¶ 10} The next issue to be resolved is whether, upon remand to the trial court, defendant is entitled to an evidentiary hearing based on its Civ.R. 60(B) motion. See Turowski, supra.
 {¶ 11} In its Civ.R. 60(B) motion, defendant was required to meet the three prongs of GTE. As discussed above, defendant was not required to support its motion with evidentiary materials. Defendant was required to set forth operative facts relative to the three prongs of GTE. In the absence of evidentiary materials, however, the trial court could not grant defendant's motion without an evidentiary hearing.
 {¶ 12} Despite submitting no evidentiary materials, defendant has set forth operative facts under the three prongs of GTE so as to warrant a hearing before the trial court determines the motion. See Your FinancialCommunity of Ohio, Inc. v. Emerick (1997), 123 Ohio App.3d 601, 608
(recognizing that when a Civ.R. 60[B] motion, although unsupported by evidentiary materials, sets forth sufficient operative facts in support of the motion, then the trial court must hold an evidentiary hearing on the motion). The timeliness of defendant's motion is not disputed. In terms of a meritorious defense, defendant stated that a settlement agreement between plaintiff and the Gallia County Board of Commissioners released defendant from all claims of plaintiff. Although plaintiff challenges defendant's assertion, the factual disagreement underscores the need for an evidentiary hearing to allow the trial court to resolve the dispute.
 {¶ 13} Similarly, in addressing the excusable neglect prong of GTE,
defendant asserted that it sent plaintiff's complaint to its regularly retained attorneys who advised defendant, on the day it received plaintiff's default judgment, that they would not represent defendant in this matter. Plaintiff challenges defendant's representations, contending defendant had retained other counsel before learning that its "regularly retained" attorneys would not represent defendant in this matter. Again, however, the factual dispute necessitates an evidentiary hearing to resolve the factual premises of defendant's motion.
 {¶ 14} Considering the foregoing, plaintiff's three assignments of error are sustained. The trial court erred in granting defendant's Civ.R. 60(B) motion as there was insufficient evidentiary material in the record to warrant the granting of the motion. However, defendant's Civ.R. 60(B) motion warranted an evidentiary hearing. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to conduct an evidentiary hearing to determine whether defendant's Civ.R. 60(B) motion is meritorious.
Judgment reversed and cause remanded with instructions.
Bryant and Lazarus, JJ., concur.
[1] The record provides no indication that a hearing was held on defendant's Civ.R. 60(B) motion. At oral argument before this court, plaintiff's counsel represented that no hearing was held regarding defendant's Civ.R. 60(B) motion. Defendant did not file a merit brief in this appeal and did not appear at oral argument.