OPINION
{¶ 1} Plaintiff-appellant, Diana K. McLoughlin, appeals from the June 2, 2005 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations. The decision and entry granted appellee's motion for summary judgment and denied appellant's motions for relief from judgment and summary judgment. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Douglas and Diana McLoughlin were married on November 15, 1978. The couple has one child, who was emancipated at all times relevant herein. Beginning in 1973 and continuing to the present, Douglas ("appellee") has worked for the Franklin County Sheriff's Office and participated in the Ohio Public Employees Retirement System ("OPERS"). During the marriage, Diana ("appellant") worked intermittently in unskilled positions and acquired few, if any, pension funds of her own other than social security.
 {¶ 3} After 22 years of marriage, appellant moved from the marital home, in part to pursue a new relationship. Having determined their marriage was over, the two began to discuss the terms of their dissolution, including the division of the marital property. The parties ultimately agreed to divide most of their marital assets equally, with the exception of appellee's OPERS account. Rather than equally dividing the full value of his OPERS account, appellee proposed that only the contributions made to the account during the marriage should be split. Thus, he provided appellant with a letter from OPERS that stated, in pertinent part: "Your contributions from October 21, 1979 (closest available date) through September 23, 2001 (closest available date) totaled $83,828.22." The letter made no reference to the actual cumulative value of the account, but it did include contact information, such as a website and phone numbers.
 {¶ 4} After delivering his proposed settlement agreement, appellee suggested to appellant that she should retain an attorney to review the proposal and advise her regarding its contents. Several months later, appellant met with a local attorney, Ray King, for a consultation. Mr. King offered to independently value the marital assets, including the OPERS account, but appellant felt an evaluation was unnecessary. She indicated that she thought the agreement was fair and requested no further assistance from Mr. King.
 {¶ 5} Subsequently, on September 26, 2002, both parties executed the separation agreement, as well as Loc.R. 17 financial affidavits. The separation agreement, supplemented by the financial affidavits, identified and divided all of the martial assets. Appellee's OPERS and Ohio Deferred Compensation accounts were disclosed in the affidavit, although the value of the accounts was not listed. As he had proposed, only the value of the contributions made to appellee's OPERS account during the marriage — approximately $83,828 — was divided by the agreement.
 {¶ 6} The parties petitioned for dissolution and filed the separation agreement with the court on September 30, 2002. The case was referred to a private judge, who adopted the terms of the separation agreement as an order of the court. In addition to dividing the property, the agreement included a statement that each party had fully identified all known assets and liabilities. The agreement further specified that, in reliance upon that full disclosure, "each of the Parties knowingly and voluntarily waives his or her right to formal discovery available in a divorce or legal separation action." The agreement also knowingly and voluntarily waived findings of fact pertaining to the valuation of each item of property for purposes of equitable distribution. On November 27, 2002, the court filed the decree of dissolution.
 {¶ 7} After the dissolution, appellant retained Attorney Randy Happeney to complete a qualified domestic relations order, which would transfer appellee's Ohio Deferred Compensation account into appellant's name pursuant to the terms of the dissolution decree. Mr. Happeney reviewed the agreement and raised his concerns about the OPERS division. Consequently, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 8} Appellant's motion for relief from judgment alleged that the division of the marital assets was not equitable because appellee failed to disclose, or actively misrepresented, the value of his pension with OPERS at the time of the dissolution negotiations. Appellant further asserted that she relied on the information given to her by appellee to her detriment. Her estimate placed the actual value of the pension at a minimum of $425,000. Appellee did not oppose the motion.
 {¶ 9} On September 24, 2003, the trial court issued a decision and entry finding that appellant alleged sufficient operative facts to warrant an evidentiary hearing on her motion for relief from judgment. Approximately one week later, appellee filed an objection to the entry and asserted that the trial court lacked jurisdiction over the matter. Appellant filed a memorandum in opposition to the objection, to which appellee replied. On November 13, 2003, the trial court issued a decision and entry overruling appellee's objection and expressly retaining jurisdiction over the case. Appellee appealed the trial court's November 13, 2003 entry. However, on February 4, 2004, we dismissed the appeal for lack of a final appealable order.
 {¶ 10} After the case was remanded, counsel for the parties submitted an agreed scheduling order. The order contained all dates typically found in the case schedule of an active case (disclosure of witnesses, discovery cut-off, dispositive motions, pre-trial conference, and trial). The trial court signed the order.
 {¶ 11} On February 22, 2005, in conformity with the agreed schedule, appellant filed a "Motion for Summary Judgment." Although titled a motion for summary judgment, appellant's motion sought judgment on her pending Civ.R. 60(B) motion. A footnote to the first paragraph stated, "[n]o case law has been located specifically applying Civ. R. 56 to Civ. R. 60(B) motions. Likewise, no case law denying application has been found. Because the requested relief is tantamount to a declaratory judgment, [appellant] submits that Civ. R. 56 is applicable herein." Consistent with that statement, the contents of the motion argued the merits of appellant's motion for relief from judgment according to case law discussing Civ.R. 60(B) but under the standard of review for summary judgment. Likewise, appellee filed a motion for summary judgment on February 24, 2005. Each party opposed the other's motion.
 {¶ 12} On June 2, 2005, the trial court issued a decision and judgment entry granting appellee's motion for summary judgment and denying appellant's motion for summary judgment, as well as her motion for relief from judgment. The trial court first noted that the parties did not dispute any of the facts surrounding the negotiation for, or the creation of, the separation agreement incorporated into the decree of dissolution. The trial court then evaluated appellant's arguments for relief from judgment under each of the enumerated factors of Civ.R. 60(B), ultimately finding that she was not entitled to the requested relief. Accordingly, the trial court entered judgment in favor of appellee as a matter of law.
 {¶ 13} Following the trial court's June 2, 2005 decision and entry, appellant filed a timely notice of appeal. Appellant asserts three assignments of error:
FIRST ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING/REFUSING TO GRANT APPELLANT'S CIV.R. 60(B) MOTION AND FOLLOW THE BINDING PRECEDENT OF IN THE MATTER OF HOBBS, (JUNE 11, 1992), FRANKLIN APP. NO. 91AP-1478, UNREPORTED, 1992 W.L. 132460; WOOD V. WOOD,
(1997), FRANKLIN APP. NO. 97APE01-77, 1997 WL 467338, (UNREPORTED); KELLY V. NELSON (1992), FRANKLIN APP. NO. 92AP-1014, 1992 WL 394859, UNREPORTED AND FCCP-DR-R. 17, WHERE THE HUSBAND FAILED TO DISCLOSE OR MISREPRESENTED THE VALUE OF HIS OHIO PUBLIC EMPLOYEE RETIREMENT SYSTEM PENSION TO HIS WIFE AND THE COURT IN A DISSOLUTION OF MARRIAGE PROCEEDING.
SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT'S GRANT OF SUMMARY JUDGMENT TO PETITIONER/APPELLEE DOUGLAS K. MCLOUGHLIN WAS ERROR AS A MATTER OF LAW AS APPELLEE FAILED TO DISCLOSE OR MISREPRESENTED AND VALUE OF A MARITAL ASSET.
THIRD ASSIGNMENT OF ERROR
EVEN ASSUMING, ARGUENDO, THAT IN THE MATTER OF HOBBS, (JUNE 11, 1992), FRANKLIN APP. NO. 91AP-1478, UNREPORTED, 1992 W.L. 132460; WOOD V. WOOD, (1997), FRANKLIN APP. NO. 97APE-01-77, 1997 WL 467338, UNREPORTED; KELLY V. NELSON (1992), FRANKLIN APP. NO. 92AP-1014, 1992 WL 394859, UNREPORTED AND FCCP-DR-R. 17 ARE NOT BINDING PRECEDENT ON THE TRIAL COURT, THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF FROM JUDGMENT PURSUANT TO CIV. R. 60(B), (1), (3) OR (5) WHEN THE APPELLEE PROVIDED INCOMPLETE AND MISLEADING INFORMATION ABOUT THE VALUE OF HIS PENSION TO HIS WIFE AND THE TRIAL COURT.
 {¶ 14} Though displayed in three different forms, appellant's assignments of error are all interrelated and present the singular issue of whether the trial court erred in failing to grant appellant's motion for relief from judgment under Civ.R. 60(B). However, because of the peculiar procedure followed by the trial court in reaching its decision — i.e., addressing a motion for relief from judgment under the heading of a motion for summary judgment — there is a disagreement as to the proper standard of review. Appellant argues that de novo review is appropriate because of the use of summary judgment in the trial court. On the other hand, appellee urges us to apply the abuse of discretion standard that normally accompanies a motion for relief from judgment. Consequently, before we can directly attend to appellant's assignments of error, we must determine the applicable standard of review by addressing the procedural anomalies present in this case.
 {¶ 15} When a case is filed in any division of the Franklin County Court of Common Pleas, the case is given, pursuant to the division's local rules, a case schedule which includes a trial date. Once a case has proceeded to settlement or judgment, or has been appealed or stayed, it is terminated from the court's docket. At that time, the case schedule terminates as well.
 {¶ 16} It would be illogical for the court's docketing schedule to otherwise operate. For example, there is no reason to require parties to disclose witnesses or participate in a trial after they have fully settled their dispute. Similarly, because a Civ.R. 60(B) motion does not, in itself, relieve a party from judgment, the case is not automatically reactivated when the motion is filed. Therefore, the case remains terminated, and the case schedule inactive, until the trial court grants the motion.
 {¶ 17} In this instance, for reasons not apparent on the record, counsel filed an agreed case scheduling order. While the trial court had found justification for scheduling a hearing on the Civ.R. 60(B) motion, the motion was not granted. Therefore, the dissolution decree was still in place, and the case remained terminated.
 {¶ 18} The difference between proceeding under a summary judgment standard versus submitting evidence for relief from judgment by written briefing (rather than oral argument) is an important one. Civ.R. 56 provides a tool to obtain judgment where warranted. The rule provides: "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action." On the other hand, Civ.R. 60(B) is used to obtain relief from a judgment already in place. The rule states: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding" for an enumerated list of reasons. A motion for relief from judgment is not a claim, counterclaim, cross-claim, or request for declaratory judgment. Therefore, Civ.R. 56 has no application to the determination of a Civ.R. 60(B) motion.[1]
 {¶ 19} However, counsels' confusion does not undermine the viability of the court's decision. The original motion before the trial court was one for relief from judgment. Typically, an evidentiary hearing is needed before a court can rule on the merits of such a motion: "`If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 19, quoting Coulson v.Coulson (1983), 5 Ohio St.3d 12, 16. (Emphasis sic.) However, that evidentiary hearing need not be in the form of oral arguments before the court. Instead, the moving party may also establish his or her entitlement to relief by presenting operative facts in the form of affidavits, depositions, transcripts of evidence, written stipulations and other evidence given under oath. Fields Excavating, Inc. v. Welsh ElectricCo., Franklin App. No. 04AP-150, 2005-Ohio-708, at ¶ 8. Thus, where the facts are uncontested and the parties have presented evidentiary materials to the court, the court may properly decide a motion for relief from judgment on the written material submitted. Id. at ¶ 11; Paynter v. Paynter, Muskingum App. No. CT2003-0024, 2003-Ohio-7101.
 {¶ 20} In this instance, the facts were uncontested; the parties differed only in their legal interpretation. While the parties' cross-motions should have been entitled "memorandum in support/opposition to relief from judgment" rather than "motion for summary judgment," the evidence submitted with those motions, including affidavits, depositions and exhibits, sufficiently argued the parties' disparate positions. Therefore, the trial court was not required to hold an oral evidentiary hearing prior to ruling on the motion for relief from judgment.
 {¶ 21} Accordingly, in so far as appellant's second assignment of error challenges the trial court's grant of summary judgment, the assignment of error is overruled. The erroneous captions on the parties' filings and the trial court's failure to correct those errors amount to no more than harmless error. The faulty labels prejudiced neither party. Each was given the opportunity to present the merits of his or her position. Moreover, the court did not err in ruling on the motion for relief from judgment without an oral hearing based on the evidence submitted and the uncontested facts.
 {¶ 22} The central issue before the court then, is whether the trial court erred in denying appellant's motion for relief from judgment. Whether to grant a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion. McSweeney v. McSweeney (1996),112 Ohio App.3d 355, 358. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} To successfully petition the court for relief from judgment, the moving party must demonstrate that she: (1) has a meritorious defense or claim to present if relief is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) brought the motion within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If the grounds for relief are found within Civ.R. 60(B)(1), (2) or (3), the motion may not be filed more than one year after the judgment or order was entered. Id. Each of the enumerated requirements stands independently from the others; therefore, in order to prevail, the moving party must establish all three factors. Fields Excavating, supra, at ¶ 7.
 {¶ 24} A court must be diligent in its analysis when a party seeks relief from a dissolution of marriage. Whereas a divorce proceeding is adversarial in nature, when a marriage ends in dissolution, the couple must jointly petition the court and present a separation agreement voluntarily executed by both parties. If, at any time prior to the actual journalization of dissolution, either party becomes dissatisfied with the separation agreement, the court cannot proceed with the dissolution. In other words, as the Ohio Supreme Court has observed, "mutual consent is the cornerstone of our dissolution law." Knapp v. Knapp (1986), 24 Ohio St.3d 141, 144. Thus, in seeking relief from dissolution, the moving party is essentially asking to be released from his or her own promise. Courts must be wary and ensure that relief under Civ.R. 60(B) is justified, not merely a tool used "to circumvent the terms of a settlement agreement simply because, with hindsight, [the moving party] has thought better of the agreement which was entered into voluntarily and deliberately." Biscardi v. Biscardi (1999),133 Ohio App.3d 288, 292.
 {¶ 25} Appellant asserts that she is entitled to relief from judgment due to a lack of mutuality. Appellant argues that there was never an actual agreement between the parties because appellee failed to disclose, or misrepresented, pertinent information regarding his OPERS pension. Pursuant to Loc.R. 17, each party to a dissolution must file "an affidavit listing all income, assets and liabilities of the parties, whether jointly or separately held, together with any other relevant information concerning such listing that is within their knowledge." Because of the mutuality underlying dissolution proceedings, Ohio courts have held that, under certain circumstances, a party's failure to abide by the terms of Loc.R. 17 may be sufficient grounds for granting relief from judgment under court's equitable powers and Civ.R. 60(B)(5). In re Whitman (1998), 81 Ohio St.3d 239; Inre Murphy (1983), 10 Ohio App.3d 134, 138; Hobbs v. Hobbs
(June 11, 1992), Franklin App. No. 91AP-1478.
 {¶ 26} In her first assignment of error, appellant contends that the trial court failed to apply the binding precedent of this court in Hobbs; Kelly v. Nelson (Dec. 29, 1992), Franklin App. No. 92AP-1014; and In re Wood (Aug. 12, 1997), Franklin App. No. 97APE01-77. In Hobbs, we held that the trial court did not err in accepting and entering the parties' agreed judgment entry, which vacated a dissolution decree because the husband had failed to identify all of the different entities in which he held a financial interest. Though the husband had disclosed a partnership interest as a possible "pass through liability," he failed to identify ownership of 50 percent of the nonvoting stock in five companies or those companies' sub-holdings. We rejected the husband's claim that his wife was fully aware of all of his assets. "Indeed, were this court to conclude that a husband's or wife's knowledge of his or her spouse's holdings excuses compliance with the rule, the rule would become meaningless."Hobbs, supra.
 {¶ 27} Additionally, in Kelly, we found that the trial court did not abuse its discretion in granting relief from judgment under Civ.R. 60(B)(5) due to the husband's omission of assets in his Loc.R. 17 affidavit. There, the separation agreement and accompanying affidavits omitted any mention of the husband's insurance agency as an asset. As was the case inHobbs, we rejected the husband's argument that the omission should be excused because the wife was aware that he owned the agency, especially in light of the wife's testimony that she was unaware that it had been omitted from the separation agreement.
 {¶ 28} Finally, in Wood, we reversed the trial court, which had denied the wife's Civ.R. 60(B) motion without holding an evidentiary hearing. There, the wife alleged that her own mental incompetence and her husband's exercise of undue influence resulted in an inequitable settlement. She claimed that she was severely depressed and that her husband was aware of her depression, discouraged her from obtaining counsel, promised to reconcile with her if she agreed to dissolution, and failed to disclose information about his retirement assets on his Loc.R. 17 affidavit. Furthermore, the husband had ample opportunity to influence her decisions, as they continued to live together during the dissolution process. We held that the wife had alleged sufficient operative facts to warrant an evidentiary hearing as to whether she was entitled to relief from judgment due to incompetency, undue influence or fraudulent misrepresentation. As an aside to the issue of fraudulent misrepresentation, we stated that "[f]ull disclosure in dissolution proceedings means disclosure of all assets, as well as disclosure of the value of the assets," and noted that the wife, too, had failed to fully disclose her own retirement assets. Woods, supra.
 {¶ 29} Appellant asserts that the trial court was obliged to follow our rulings in the above matters to the present case, and find her entitled to relief from judgment because appellee failed to disclose the full value of his OPERS account in his Loc.R. 17 affidavit. We disagree. In both Hobbs and Kelly, we affirmed the trial courts' decisions to vacate based on one party's complete failure to identify an asset in his affidavit and settlement agreement, thus vitiating the concept of mutuality underlying dissolution.
 {¶ 30} Furthermore, the statement in Wood indicating that the concept of full disclosure includes not only the identification, but also the value of assets must be analyzed in the appropriate context. There, neither party had done more than answer "yes" on the disclosure forms, indicating only that each had retirement assets. No further information was provided, such as the type of retirement account or the name of the institution servicing the retirement account, from which the value of the asset could be discovered. In those circumstances, it would be impossible for either party to comprehend the value of the asset disclosed. Accordingly, contrary to appellant's assertion, our decision in Wood does not create an additional requirement. Instead, it stands in line with the holdings of Hobbs andKelly: when an asset is completely omitted from the agreement, a party may be entitled to relief from judgment under Loc.R. 17 and Civ.R. 60(B)(5).
 {¶ 31} It is further important to note that our previous holdings in Hobbs, Kelly and Wood specify that such an omission may be sufficient grounds for relief under Civ.R. 60(B)(5). Ultimately, whether equity demands that the judgment be set aside remains a question within the court's discretion:
Among the factors to be considered by the trial court in determining whether relief from a decree of dissolution based on an incomplete separation agreement should be granted under Civ.R. 60(B) in the first instance [factors that will also be used by the reviewing court in determining whether the trial court abused its discretion] are the following: what caused the delay in making the motion; whether the delay was reasonable; what personal knowledge the movant had about the nature, extent and value of all the marital assets (whether included or omitted); what the movant should have known about them in the exercise of ordinary care; whether the movant expressly or implicitly concurred in the property provisions of the separation agreement; what deceptions, if any, were used by the other spouse; and what has intervened between the decree and the motion (such as, remarriage of either spouse or both spouses).
In re Murphy (1983), 10 Ohio App.3d 134, paragraph three of the syllabus. Here, appellee encouraged appellant to seek counsel regarding the proposed settlement agreement, including the value of his OPERS account. Subsequently, appellant consulted with an attorney who recommended a compete valuation of all the assets listed in the proposed settlement agreement and offered to provide the service. Appellant refused the offer, indicating that she was satisfied with the proposal, and chose to undergo the dissolution proceedings without counsel. Appellant was encouraged and given several opportunities to independently investigate and determine the value of appellee's OPERS retirement, but declined to do so.
 {¶ 32} Given the evidence of record, we find that the trial court did not abuse its discretion by denying appellant's motion for relief from judgment. As noted by the trial court, appellant "chose to sit on her rights," and failed to take any action to insure her own interests. Accordingly, we agree with the trial court's conclusion that "equity does not demand that the judgment be set aside when [appellant] did not make even a cursory examination of the assets or debts and when [appellee] took no actions to prevent her from doing so." Appellant's first assignment of error is overruled.
 {¶ 33} Alternatively, in her third assignment of error, appellant contends that the trial court erred in failing to grant her relief from the dissolution decree pursuant to Civ.R. 60(B)(1), (3), or (5), regardless of the case law discussed inHobbs. The trial court addressed appellant's request under each of the subdivisions of Civ.R. 60(B) and found each lacking in merit. We will not disturb the trial court's decision absent an abuse of discretion. McSweeney, at 358.
 {¶ 34} Under Civ.R. 60(B)(1), the court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." In order to obtain relief on the basis of mistake, the court must find "a mutual mistake shared by both parties as to a material fact in the case." Smith v. Smith,
Cuyahoga App. No. 83275, 2004-Ohio-5589, at ¶ 17. Appellant admits that only she was mistaken regarding the division of appellee's OPERS account. However, she contends that under the basic premise of dissolution law and Nardecchia v. Nardecchia,155 Ohio App.3d 40, 2003-Ohio-5410, a mistake need not be mutual in order to warrant relief from judgment from a decree of dissolution.
 {¶ 35} In support of her argument, appellant returns to her argument that there can be no consent or mutuality underlying the dissolution if she was mistaken as to the nature of the division of appellee's OPERS account. Appellant cites the Nardecchia
court's statement that "[a]ll that [the wife] was required to show was that * * * (2) a mistake of fact had occurred that was material to one of the issues to be determined by the decree of dissolution." Id. at ¶ 17. However, in Nardecchia, both of the parties had mistakenly undervalued their respective OPERS accounts. The mistake was mutual, not unilateral. Furthermore, "relief for a unilateral mistake of a material fact will be denied where the mistake is the result of the party's own negligence." McBroom v. McBroom, Lucas App. No. L-03-1027, 2003-Ohio-5198, at ¶ 30, fn 1. As discussed above, appellant failed to take any independent action to ascertain the value of the parties' assets or liabilities.
 {¶ 36} The trial court did not err in refusing to grant relief under Civ.R. 60(B)(1). There was no mutual mistake regarding a material fact of the case. Appellant would have us believe that, as a layperson with a GED, she was not sophisticated enough to understand the difference between the value of appellee's contributions to his OPERS account and the accumulated value of the account. Even if that were true, we again point out that appellant repeatedly declined the advice of appellee and an attorney to have the value of the account examined. Appellant cannot now claim inadvertence, surprise or excusable neglect.
 {¶ 37} Under Civ.R. 60(B)(3), a party may obtain relief from judgment by demonstrating "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." Appellant's arguments again miss the mark. As noted by the trial court, appellee did not indicate that the amount listed in the proposed settlement agreement — $83,282 — represented the entire value of his OPERS account. Moreover, the letter appellee gave appellant expressly stated that the sum was the total of his "contributions" throughout the duration of the marriage. Appellee did not hide the existence of the OPERS account. Nor did appellee obscure the actual value of the account, which he did not know himself. The evidence does not support a finding that appellee knowingly made any misrepresentation of material fact with the intention of misleading appellant, with the result that appellant actually relied on the alleged misrepresentation. Appellant failed to demonstrate the existence of any fraud, misrepresentation or misconduct in connection with the separation agreement.
 {¶ 38} Under Civ.R. 60(B)(5), a court may grant relief from judgment for "any other reason justifying" such relief. In essence, subsection (B)(5) is a catch-all provision, permitting the court to grant relief where equity demands and where none of the other reasons enumerated in Civ.R. 60(B)(1) through (B)(4) are present. Smith, at ¶ 16. Relief from a decree of dissolution under Civ.R. 60(B)(5), as discussed above, is generally limited to instances in which the principles of mutuality underlying dissolution law have been undermined by the omission of assets from an accompanying separation agreement. This case simply does not present such a situation.
 {¶ 39} After a review of the record before us, we find that appellant failed to demonstrate that she is entitled to relief from judgment under Civ.R. 60(B)(1), (3) or (5). Further, we find that the trial court acted wholly within its discretion in denying appellant's motion for relief from judgment. Accordingly, appellant's third assignment of error is overruled.
 {¶ 40} Having considered and overruled each of appellant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
Brown and Sadler, JJ., concur.
[1] The attorneys' confusion is evident in their briefs as they mention a search for case law allowing or barring the use of Civ.R. 56 on Civ.R. 60(B) motions. The two rules have entirely different purposes. Thus, it is understandable that case law on their combined use is lacking.