[Cite as *Lawson v. Crawley*, 2017-Ohio-2669.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LeAnn R. Lawson f.k.a. Crawley, | : | |
| Plaintiff-Appellee, | : | No. 16AP-28 |
| | | (C.P.C. No. 15DR-3390) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Walter T. Crawley, | : | |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on May 4, 2017

**On brief:** *Walter T. Crawley*, pro se.

### APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

BROWN, J.

{¶ 1}  Walter T. Crawley, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court entered a final judgment for divorce without children.  This court has stricken the appellate brief filed by LeAnn R. Lawson f.k.a. Crawley, plaintiff-appellee, because it did not comply with App.R. 16 and Loc.R. 8.

{¶ 2}  Appellant and appellee were married on September 21, 2012. Appellant was incarcerated at the time of the marriage and remains incarcerated. No children were born as issue of the marriage.

{¶ 3}  On September 10, 2015, appellee filed a complaint for divorce. On October 6, 2015 appellant filed an answer. Also on October 6, 2015, appellant filed a motion for summary judgment asserting that appellee's affidavit of income and expense

and affidavit of property filed pursuant to Loc.R. 17 of the Court of Common Pleas of Franklin County, Division of Domestic Relations ("Loc.Dom.R. 17") were insufficient, incomplete, and contained errors and omissions. In addition, on October 6, 2015 appellant filed a motion for temporary orders seeking spousal support and payment of debts and/or expenses.

{¶ 4} On November 16, 2015, the trial court, without comment, denied appellant's motion for summary judgment. Also on November 16, 2015, the trial court granted in part appellant's motion for temporary orders, ordering that each party be responsible for debts in their individual names and denying appellant's request for spousal support.

{¶ 5} On December 7, 2015, appellant filed a motion for judgment on the pleadings and a motion to compel discovery. The trial court dismissed both motions on December 15, 2015.

{¶ 6} On December 15, 2015, the trial court issued a final judgment for divorce without children. In the judgment, the court found that the parties had no marital assets or debts. The court also ordered the parties retain all items of personal property acquired before and during the marriage, and the parties pay all of their own debts. The court found there was no joint debt and made no award of spousal support.

{¶ 7} Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] THE TRIAL COURT ERRED IN ALLOWING APPELLEE'S DEFICIENT AFFIDAVITS OF INCOME AND PROPERTY[.]
>
> [II.] THE TRIAL COURT ERRED IN DENYING APPELLANT SUMMARY JUDGMENT[.]
>
> [III.] THE MAGISTRATE ERRED AND ABUSED IT'S [sic] DISCRETION IN NOT CONSIDERING APPELLANT'S SUPPLEMENTAL AFFIDAVIT[.]
>
> [IV.] THE MAGISTRATE AND TRIAL COURT ERRED IN FINDING THAT THE PARTIES HAD NO JOINT OR MARITAL DEBT AND THAT APPELLANT HAD NO EXPENSES.
>
> [V.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING THAT EACH PARTY PAY ALL

INDIVIDUAL DEBTS IN THEIR NAME, WHERE PLAINTIFF ESTABLISHED DEBT IN DEFENDANT'S INDIVIDUAL NAME DURING THE MARRIAGE AND DURING DEFENDANT'S INCARCERATION.

[VI.] THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S MOTION TO COMPEL FOR PRODUCTION OF DOCUMENTS[.]

{¶ 8} We will address appellant's first and second assignments of error together, as they are related. In his first assignment of error, appellant asserts the trial court erred in allowing appellee's deficient Loc.Dom.R. 17 affidavits. In his second assignment of error, appellant asserts the trial court erred when it denied his motion for summary judgment, which was also based on appellee's allegedly deficient Loc.Dom.R. 17 affidavits. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 9} When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id*. Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims.

*Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 10} Loc.Dom.R. 17 provides, in pertinent part:

> Upon the filing of an action for divorce or legal separation, or an answer or counterclaim thereto, each spouse so filing, in addition to any other affidavits, shall file an affidavit listing all income and expenses, and an affidavit of property, together with any other relevant information concerning such listing that is within their knowledge. Upon the filing of a petition for dissolution, each spouse so filing, in addition to any other affidavits, shall file an affidavit of property and an affidavit of income, together with any other relevant information concerning such listing that is within their knowledge.
>
> * * *
>
> All information contained in the required affidavits must be accurate. Any information that is estimated must be clearly identified. Blank spaces or "N/A" are unacceptable responses.

{¶ 11} Appellant argues that appellee's Loc.Dom.R. 17 affidavits were deficient because they were not accurate, left blank spaces, and did not clearly identify some figures as estimates. Although we agree with appellant's assertion that appellee did leave some spaces and categories blank in her affidavits, these omissions are minimal, her affidavits are almost entirely complete, and there could be no confusion caused by these deficiencies. We find she substantially complied with Loc.Dom.R. 17. As for appellant's claims in his motion for summary judgment that some of appellee's errors and omissions were intentional or fraudulent, it is true that, at least in a dissolution setting, when an asset is omitted from a Loc.Dom.R. 17 affidavit, a party may be entitled to relief. *See McLoughlin v. McLoughlin*, 10th Dist. No. 05AP-621, 2006-Ohio-1530, ¶ 25-30; *Hobbs v. Hobbs*, 10th Dist. No. 91AP-1478 (June 11, 1992). However, in the present case, appellant failed to support his motion for summary judgment with evidentiary material consistent with the requirements of Civ.R. 56. *See Dresher* at 293 (to demonstrate no genuine issue of material fact remains to be litigated, the movant must be able to point to

evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment; those materials include pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action). For these reasons, appellant's first and second assignments of error are overruled.

{¶ 12} Appellant argues in his third assignment of error that the trial court erred when it failed to consider his November 3, 2015 supplemental affidavit in considering temporary spousal support and monthly payment of debts and/or expenses. In his supplemental affidavit, appellant asserted that appellee agreed to pay for credit card debts they owed on a Capital One and Discover Card, and he attached e-mails from appellee in which she agreed to pay $100 monthly toward the total $800 debt. However, even if we could consider the e-mails appellant attached to his affidavit, the record is otherwise devoid of details regarding these debts. In his affidavit of income and expenses, appellant indicated that the Capital One credit card balance of $651.10 and Discover Card balance of $746.00 were his own debts. We have no evidence establishing specifically how these debts were incurred, who incurred them, and for what purposes. Furthermore, any indication from appellee in the e-mails that she would pay appellant for a portion of the credit card debt is not indicative of her actual legal obligation incurred by court order pursuant to divorce. In the end, the trial court and this court are without sufficient evidence to find appellee should have been responsible for the debt incurred on these two credit cards. Therefore, appellant's third assignment of error is overruled.

{¶ 13} Appellant argues in his fourth assignment of error that the trial court erred when it found the parties had no joint or marital debt and that appellant had no expenses. In the November 16, 2015 temporary order, the magistrate found appellant had no expenses because he was incarcerated and the parties had no joint debts. Similarly, in its judgment, the trial court found the parties had no marital debt. Appellant claims both the trial court and magistrate issued their findings without considering his affidavits or any other factual evidence. However, again, the record is simply insufficient to demonstrate that the parties incurred joint debts during the term of the marriage. Although the e-mails attached to appellant's supplemental affidavit in support of temporary orders apparently indicate that appellee was willing to help appellant pay off credit card debt that

was in his name, the record is without any detail as to how the debts were incurred, who incurred them, or when they were incurred. For these reasons, we overrule appellant's fourth assignment of error.

{¶ 14} Appellant argues in his fifth assignment of error that the trial court erred and abused its discretion by ordering each party to pay all of their individual debts in their name when appellee incurred debt in appellant's name during the marriage and during appellant's incarceration. This argument suffers from the same deficiency as those under appellant's previous assignments of error: the record lacks competent, credible evidence to establish who incurred the debts, when they were incurred, and for what purposes they were incurred. Appellee submitted an affidavit that indicates she did not owe any debt except those in her own name, and she believed appellant was trying to take financial advantage of her. With such a lack of evidence and appellee's averments to the contrary, the trial court was well within its discretion to order each party pay all of their own individual debts in their name. Therefore, appellant's fifth assignment of error is overruled.

{¶ 15} Appellant argues in his sixth assignment of error that the trial court erred when it dismissed his motion to compel production of documents requested on October 28 and November 9, 2015. In his motion to compel discovery, appellant contended that appellee's affidavits of income and property were inaccurate and fraudulent. We first note that the record does not contain any request for production of documents filed on October 28 and November 9, 2015. The record does contain a request for production of documents filed December 7, 2015—the same day appellant filed his motion to compel discovery—although that request for production of documents has a certificate of service date of October 28, 2015. Regardless, former Civ.R. 37 sets forth procedures for moving a court for an order compelling discovery. Former Civ.R. 37(A)(2) provides that, if a party fails to answer an interrogatory submitted under Civ.R. 33 or fails to produce documents requested under Civ.R. 34, the party seeking discovery may move for an order compelling discovery. However, former Civ.R. 37(E) imposes a duty on a party seeking discovery to attempt extrajudicial resolution of its discovery dispute before filing a motion to compel discovery. Specifically, former Civ.R. 37(E) requires that "[b]efore filing a motion authorized by this rule, the party shall make a reasonable effort

to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with the section." Likewise, Loc.R. 47.01 of the Court of Common Pleas of Franklin County, General Division requires counsel to "make every effort to resolve discovery disputes by agreement prior to filing motions with the Court." Appellant failed to meet his former Civ.R. 37(E) burden. Therefore, we find the trial court did not err when it denied appellant's motion to compel discovery, and we overrule appellant's sixth assignment of error.

{¶ 16} Accordingly, appellant's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____