[Cite as *Jackson v. Charter Properties*, 2018-Ohio-715.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mark A. Jackson, | : | |
| Plaintiff-Appellant, | : | No. 17AP-503 |
| | | (C.P.C. No. 15CV-6250) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Charter Properties, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 27, 2018

**On brief:** *Mark A. Jackson*, pro se.

**On brief:** *Willis Law Firm, LLC, William L. Willis, Jr., Dimitrios G. Hatzifotinos, Michael J. Cassone,* and *Collin B. Showe,* for appellee. **Argued:** *Collin B. Showe.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Mark A. Jackson, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to set aside a default judgment and granting the motion of defendant-appellee, Charter Properties, to strike Jackson's amended and supplemental pleading. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Charter Properties is the property management company for Raintree Apartments in Columbus. Jackson had a lease agreement with Charter Properties for two townhouse units at the Raintree Apartments. The most recent lease agreement between the parties terminated on March 31, 2011, and Jackson thereafter resided at the Raintree Apartments as a month-to-month tenant.

{¶ 3}   On April 21, 2015, Charter Properties filed an eviction action against Jackson for nonpayment of rent.   After Charter Properties filed the eviction action, Jackson paid his rent to the Franklin County Municipal Court escrow office, and the parties amicably resolved the eviction action and escrow proceeding.

{¶ 4}   Subsequently, on June 2, 2015, Charter Properties served Jackson a notice dated July 29, 2015 of non-renewal of his month-to-month tenancy effective August 31, 2015.  In response, Jackson filed a complaint against Charter Properties on July 23, 2015 (the "common pleas case") alleging that Charter Properties committed libel and slander by initiating proceedings against Jackson in the Franklin County Municipal Court. Jackson additionally asserted Charter Properties retaliated against him in violation of the Ohio Landlord and Tenant Act when it chose not to renew his month-to-month tenancy.

{¶ 5}   Despite the non-renewal of the tenancy, Jackson did not vacate the premises.  Thus, on September 23, 2015, Charter Properties filed an eviction action against Jackson for holdover of tenancy.

{¶ 6}   On March 4, 2016, Charter Properties filed a motion for summary judgment in the common pleas case.  Jackson did not file a timely response to the motion for summary judgment.  Thus, in an April 4, 2016 decision and entry, the trial court granted Charter Properties' motion for summary judgment.

{¶ 7}   Jackson filed a timely appeal to this court on April 8, 2016.   However, Jackson failed to file a brief, and, on July 22, 2016, this court dismissed Jackson's appeal for failure to file a brief.

{¶ 8}   More than one year later, on June 29, 2017, Jackson filed in the trial court a motion for relief from judgment, arguing Charter Properties engaged in misconduct that amounted to retaliation against and extortion of Jackson.  Without seeking leave of court, Jackson then filed an amended complaint against Charter Properties on July 5, 2017 setting forth claims of fraud, slander, libel, and extortion and seeking compensatory and punitive damages.

{¶ 9}   Charter Properties responded on July 7, 2017 with both a memo contra Jackson's motion for relief from judgment as well as a motion to strike Jackson's amended complaint.  Jackson filed a memorandum in opposition to Charter Properties' motion to strike.  In a July 10, 2017 decision and entry, the trial court denied Jackson's

motion to set aside its April 4, 2016 decision and entry granting summary judgment to Charter Properties. The trial court also granted Charter Properties' motion to strike the amended complaint. The trial court noted "this matter has been fully and finally concluded for well over one year" by the time Jackson filed his motion for relief from judgment and amended complaint. (July 10, 2017 Decision & Entry at 2.) Jackson timely appeals.

## II. Assignment of Error

{¶ 10} Jackson assigns the following error for our review:

> Plaintiff-Appellant fail to file a brief within the time required as a result of Defendants Malicious Misconduct, Rule 60. Relief from a Judgment or Order, (b) (1) (2) (3) (c) (d) (1) (3)

(Sic passim.)

## III. Discussion

{¶ 11} In his sole assignment of error, Jackson argues the trial court erred when it denied his motion for relief from judgment.

{¶ 12} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate that: (1) it has a meritorious defense or claim to present if relief is granted, (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶ 13} An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Further, " '[i]f a Civ.R. 60(B) motion is premised upon issues which could have been raised on appeal, a trial court does not abuse its discretion by denying such motion.' " *Nkurunziza v. Nyamusevya*, 10th Dist. No. 11AP-222, 2011-Ohio-6133, ¶ 12, quoting *Caron v. Manfresca*, 10th Dist. No. 98AP-1399 (Sept. 23, 1999).

{¶ 14} "[I]n order to prevail on a motion for Civ.R. 60(B) relief, 'the movant must establish [the requirements of *GTE*] by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath.' " *Fields Excavating, Inc. v. Welsh Elec. Co.*, 10th Dist. No. 04AP-150, 2005-Ohio-708, ¶ 8, quoting *Countrywide Home Loans v. Barclay*, 10th Dist. No. 04AP-171, 2004-Ohio-6359, ¶ 9. Thus, " 'unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment.' " *Id.*, quoting *Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. No. 84274, 2004-Ohio-5854, ¶ 76.

{¶ 15} Here, Jackson argues on appeal that the trial court should have set aside its April 4, 2016 decision and entry granting Charter Properties' motion for summary judgment because Jackson was unable to timely file an appellate brief in that case. From what we can discern from his argument, Jackson blames his failure to timely file an appellate brief in his first appeal on alleged interference from Charter Properties. The motion for relief from judgment filed in the trial court consists of one paragraph containing vague allegations that Charter Properties retaliated against him, attempted to extort him, and claims the existence of "new evidence that further show[s] [Charter Properties'] malicious intent." (June 29, 2017 Mot. to Set Aside a Default Jgmt.) Jackson provides no explanation for why Charter Properties' alleged actions prevented him from timely filing an appellate brief in his first appeal or why such failure should warrant Civ.R. 60(B) relief, and Jackson does not offer any evidentiary support for his motion.

{¶ 16} In summation, there is nothing in the record containing sufficient evidence to establish any one of the prongs of the *GTE* test, let alone all three. *See Fields Excavating* at ¶ 9. Having reviewed the entire record, we conclude the trial court did not abuse its discretion in denying Jackson's motion for relief from judgment. Accordingly, we overrule Jackson's sole assignment of error.

## IV. Disposition

{¶ 17} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Jackson's motion for relief from judgment. Having overruled Jackson's sole

assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.