OPINION
{¶ 1} Plaintiff-appellant Timothy J. Bodnar ("husband") appeals the June 30, 2005 Order and Judgment Entry entered by the Richland County Court of Common Pleas, Domestic Relations Division, which determined husband's child support arrearages to be $17,382.17, and denied his Civ. R. 60 (B) Motion. Defendant-appellee is Diane T. Bodnar ("wife").
 STATEMENT OF THE CASE AND FACTS {¶ 2} Husband and wife were married on May 23, 1987, in Cleveland, Ohio. Two children were born as issue of said union, to wit: Amanda L. (DOB 10/01/92) and Alexandra E. (DOB 11/18/96). Husband filed a Complaint for Divorce in the Richland County Court of Common Pleas, Domestic Relations Division, on November 19, 1999. Wife filed a timely answer and counterclaim. The parties were divorced via Judgment Entry/Decree of Divorce filed August 31, 2000. Pursuant thereto, husband was ordered to pay child support in the amount of $1,361.16/month.
 {¶ 3} Husband relocated to the State of Tennessee, and took a position as an engineer with Lockinvar Water Heater Corporation prior to the finalization of the divorce. Husband was terminated from his employment at Lockinvar in mid-June 2001. As a result of this termination, husband filed a sexual discrimination suit in federal court. Husband subsequently filed a motion for reduction in child support and a motion to show cause against wife, who did not allow the children to exercise visitation with husband as wife had not been receiving child support payments. Husband filed amended motions on October 22, 2001. Prior to the hearing on husband's motions, wife filed a motion to show cause why husband should not be found in contempt for failing to pay child support, and seeking a restriction on husband's parenting time.
 {¶ 4} After numerous continuances, the magistrate conducted a hearing on all pending motions on April 24, August 7, and August 9, 2002. The parties attempted to negotiate a settlement on August 7, 2002, and continued to do so on August 9, 2002. In anticipation of resuming the negotiations, wife's counsel prepared a document, which was designated "Settlement Agreement". The parties used the Agreement as a framework for the negotiations. At the end of the day on August 9, 2002, the parties believed they had reached a full and complete settlement, which was identified as Exhibit 1, and consisted of the Agreement prepared by wife's counsel with various interlineations, additions and deletions as well as several pages of handwritten provisions, a computation reflecting child support payments and arrearages, and a child support computation worksheet. The parties and counsel appeared before the magistrate in open court and discussed the agreement on the record. The magistrate clarified several minor points and made further interlineations to Exhibit 1.
 {¶ 5} Husband's counsel was designated as the attorney to prepare the judgment entry. Husband's counsel prepared the judgment entry, utilizing $11,351.78, as the amount of child support arrearages, although such number had not been precisely determined. Counsel for husband forwarded the judgment entry to wife's counsel, who signed his approval without reviewing such with wife. The judgment entry was filed with the trial court on September 13, 2002. When wife received a file stamped copy of the judgment entry, she discovered it did not include certain material provisions of the parties' settlement. Wife filed a Motion for Civ. R. 60 (B) Relief on December 31, 2002, and an Amended 60 (B) Motion on March 4, 2003. The magistrate conducted a hearing on October 3, 2003, and December 29, 2003.
 {¶ 6} Via Magistrate's Decision filed March 12, 2004, the magistrate found the parties did not have a meeting of the minds, and recommended the trial court set aside all of the financial issues in the Judgment Entry with the exception of money set aside in a trust for the children. Husband filed timely objections to the Magistrate's Decision. Via Judgment Entry filed September 22, 2004, the trial court overruled husband's objections, and approved and adopted the Magistrate's Decision as judgment of the court subject to certain modifications. Specifically, the trial court ordered wife's motion for relief from judgment be sustained only to the extent of vacating the parties' purported agreement regarding the calculation of child support arrearages. The trial court ordered the case be returned to the magistrate for pretrial conference and/or evidentiary hearing to resolve the issue of child support arrearages, and to determine the manner in which the same are to be calculated and satisfied. Husband filed an Appeal to this Court on October 25, 2004. This Court dismissed the Appeal as untimely.
 {¶ 7} As directed by the trial court's September 22, 2004 Judgment Entry, the magistrate conducted a pretrial on April 11, 2005. Via Order and Judgment Entry filed June 30, 2005, the trial court determined the child support arrearages amount should be $17,382.17, as of July 31, 2002.
 {¶ 8} It is from this judgment entry, husband appeals, raising the following assignments of error:
 {¶ 9} "I. THE LOWER COURT ERRED BY GRANTING THE DEFENDANT/APPELLEE'S RULE 60(B) MOTION, AS IT DID NOT MEET THE REQUIREMENTS OF RULE 60(B), IN THAT THE DEFENDANT/APPELLEE CANNOT CLAIM SURPRISE, INADVERTENCE OR EXCUSABLE NEGLECT IN APPROVING THE SINGLE MOST IMPORTANT ISSUE IN CONTENTION BETWEEN THE PARTIES.
 {¶ 10} "II. THE LOWER COURT ERRED IN NOT SETTING THE ENTIRE SETTLEMENT AGREEMENT ASIDE, FOR LACK OF A MEETING OF THE MINDS, AND THE PARTIES BE ALLOWED TO LITIGATE ALL OF THE ISSUES WHICH WERE BEFORE THE COURT WHEN THE AGREEMENT WAS REACHED.
 {¶ 11} "III. THE LOWER COURT ERRED IN NOT SETTING ASIDE ALL FINANCIAL ISSUES OF THE SETTLEMENT AGREEMENT, DUE TO THE LACK OF A MEETING OF THE MINDS.
 {¶ 12} "IV. THE LOWER COURT ERRED IN ORDERING THE PLAINTIFF/APPELLANT TO TURN OVER INFORMATION WHICH HE AGREED TO KEEP AS CONFIDENTIAL IN A SEPARATE CASE."
 I {¶ 13} In his first assignment of error, husband maintains the trial court erred in granting wife's Civ. R. 60 (B) Motion as wife failed to establish surprise, inadvertence or excusable neglect.
 {¶ 14} Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v.Bazell (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (Citation omitted). The grant or denial of a motion for relief from judgment under Civ.R. 60(B) rest within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} In order to prevail on a motion brought pursuant to Civ.R. 60(B)," * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken."Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391.
 {¶ 16} Husband asserts wife and her attorney were obligated to review the arrearages figure set forth in the judgment entry and doing so should have been a priority. Husband concludes because of such failure, wife cannot claim surprise, inadvertence or excusable neglect. We disagree.
 {¶ 17} Paragraph 5 of the Agreement prepared by wife's counsel, and incorporated into Exhibit 1, provided as follows:
 {¶ 18} "Child support arrearage: (as calculated per ExhibitA, attached)
"a. The Plaintiff's Temporary Orders (TO) child support arrearage from November 19, 1999 to April 21, 2000 is in the amount of $1,214.14, plus 2% processing charge, and shall be paid by Plaintiff to Defendant as follows:
"1. In accordance with Paragraph 10, below. "b. Plaintiff's child support obligations from April 21, 2000 to August 1, 2002, is as follows:
"1. April 21, 2000 to December 31, 2000 at $1,364.16 per month is $11,322.53.
"2. January 1, 2001 to July 31, 2001 at $1,364.16 per month is $9,549.12.
"3. August 1, 2001 to December 31, 2001 at $922.08 per month is $4,510.40.
"4. January 1, 2002 to August 1, 2002 at $922.08 per month is $6,454.56.
"5. Total child support obligation for April 21, 2000 to August 1, 2002 is $32,575.34 plus 2% processing charge.
"6. Total paid in child support by Plaintiff is $22,437.70. *
"7. Total arrearage due by Plaintiff to Defendant in child support is $10,137.64, which Plaintiff shall pay to Defendant as follow:
ii In accordance w/paragraph 10 (below)."
(Emphasized language represents handwritten additions by the parties.)
 {¶ 19} Paragraphs 10 and 11 of the same, read:
 {¶ 20} "10. Therefore, the parties agree that from any recovery, whether by settlement or verdict and judgment received by Plaintiff as a result of his federal lawsuit referred to above, Plaintiff shall pay to Defendant directly through Defendant's attorney's office, to wit: John J. Rinehardt, 13 Park Avenue West, Mansfield, OH 44903, from Plaintiff's federal attorney at the time of the disbursement of Plaintiff's share of the recovery, a sum of money to equal the difference between the total arrearage determined in paragraphs 5 a and b above for temporary order child support arrearage and arrearage accumulated from April 21, 2000 to August 1, 2002, less any monies paid by Plaintiff towards the satisfaction of said arrearage between the date of this settlement agreement and the date of Plaintiff's federal lawsuit recovery disbursement and the amount Plaintiff would have been obligated pay to Defendant at the rate of $1,364.16 per month from April 21, 2000 to September 1, 2002. IfPlaintiff makes no recovery from the lawsuit now pending inFederal District Court Case # 02-CV-522, Plaintiff shall pay anarrearage of $4,500 shall be paid w/in one (1) year * * *
 {¶ 21} "11. If Plaintiff receives a settlement or a judgmentwhich results in a payment to Plaintiff in excess of past duewages, Plaintiff shall place 20% of the net settlement/judgment,up to a maximum of $100,000.00 into trust, for the parties' minorchildren to be used for post high school education at anaccredited college or university. Any amount remaining in thetrust after paying for the parties' children's college, if any,will be returned to Plaintiff. The trust is to be drafted byPlaintiff's counsel at Plaintiff's expense. The term of the trustwill expire when the youngest of the minor children reaches theage of twenty-five (25)." (Italicized language represents handwritten additions by the parties.)
 {¶ 22} However, as prepared by husband's counsel, the judgment entry reads:
 {¶ 23} "As agreed to by the Parties in the separation Agreement, the child support arrearage for the Plaintiff's child support from the beginning of this case until October 1, 2002 is Eleven Thousand Three Hundred Fifty-One and 78/100 Dollars ($11,351.78). However, the Defendant, the Richland County Child Support Enforcement Agency and all other governmental agencies are stayed and prohibited from enforcing this order until such time as the Plaintiff's federal suit in the United States district Court in Nashville Tennessee, Case No. 02-CV-522, captioned Timothy J. Bodnar v. Lochinvar Water Heater Corp. et al, is finalized in accordance with the terms outlined below. Specifically, the Defendant, RCCSEA and other governmental agencies are stayed and enjoined from collecting any of the above referenced arrears by wage attachment, bank garnishment or income tax withholding refund interception or by any other method until the above referenced federal suit is finalized.
 {¶ 24} "After the finalization of the above referenced federal suit, if the Plaintiff receives a lump sum judgment or settlement against any and/or of the Defendants for past due wages the Plaintiff shall forthwith pay over to Defendant's Counsel and Defendant, jointly, the total amount of the arrearages stated above. Upon receipt of payment, Defendant's Counsel shall immediately prepare and file an order indicating the payment has been received and that the Plaintiff's arrearages are reduced to zero ($0.00).
 {¶ 25} "Further, if Plaintiff receives damages in the above referenced federal suit in excess of past due wages, Plaintiff shall place twenty percent (20%) of the net settlement/judgment received, up to a maximum of One Hundred Thousand Dollars ($100,000.00), in a trust for the benefit of the Parties' minor children for the purpose of funding the minor children's post high school education at an accredited college or university. Plaintiff shall have said trust prepared by counsel of his choosing and at his expenses. Any amount remaining in the trust after paying for the Parties' minor children's college or university shall be returned to Plaintiff. Further, the trust shall terminate when the youngest child reaches the age of twenty-five (25).
 {¶ 26} "If however, the Plaintiff's above referenced federal suit is finalized without any recovery on behalf of the Plaintiff, the Plaintiff shall pay to Defendant's Counsel and Defendant, jointly, the sum of Four Thousand Five Hundred Dollars ($4,500.00) as full payment of his arrearages within one (1) year from the date of finalization of the above referenced federal suit. Upon receipt of payment, Defendant's Counsel shall immediately prepare and file an order indicating the payment has been received and the Plaintiff's arrearages are reduced to zero ($0.00)."
 {¶ 27} The "and the amount [husband] would have been obligated to pay [wife] at the rate of $1,364.16 per month from April 21, 2000 to September 1, 2000" language from paragraph 10 was omitted from the judgment entry. The omission was unnoticed by counsel for wife before it was submitted for approval by the trial court. On the record during the settlement negotiations on August 9, 2002, husband's counsel explained the terms of the agreement to husband, specifically referring to "an additional amount, what your salary would have been, if it had still been $66,000 up to September 1, 2002". Clearly, the parties discussed the adjustment of support arrearages and intended such to be part of the judgment entry. We find the trial court did not abuse its discretion in granting wife's 60 (B) with respect to this issue as the omission of this language was a result of wife's counsel mistake or inadvertence.
 {¶ 28} Husband's first assignment of error is overruled.
 II, III {¶ 29} Because husband's second and third assignments of error require similar analysis, we shall address said assignments of error together. In his second assignment of error, husband contends the trial court erred in failing to set aside the entire settlement agreement as the parties did not have a meeting of the minds. In his third assignment of error, husband asserts the trial court erred in not setting aside all the financial issues addressed in the settlement agreement. In arguing these assignments of error, husband assumes the trial court properly granted wife's Civ. R. 60 (B) Motion.
 {¶ 30} Husband explains because the parties entered into a settlement, both parties had to compromise and give concessions in order to reach a middle ground; therefore, the agreement must be viewed in its totality. In support of his position, husband relies upon the Second District Court of Appeals Decision inNardecchia v. Nardecchia (2003), 155 Ohio App.3d 40. TheNardecchia Court found:
 {¶ 31} "A decree of dissolution is founded on an agreement of the parties. `[I]f consent or mutuality did not exist when the parties entered into the separation agreement because of fraud or material mistake or misrepresentation, then there was no agreement upon which the dissolution decree could have been based. This lack of mutuality undermines the integrity of the dissolution proceeding and may constitute sufficient grounds to set aside the decree under Civ.R. 60(B).' In re Whitman (1998),81 Ohio St.3d 239, 241, 690 N.E.2d 535." Id. at 43-44.
 {¶ 32} Husband concludes the mutual mistake or misunderstanding between the parties as to the amount of child support arrearages requires the entire agreement be vacated. We disagree as we do not find there was a lack of meeting of the minds at the time the agreement was reached. The mistake occurred during the drafting of the judgment entry. The trial court did not change the terms of the agreement by granting wife's 60 (B) motion. The original agreement as hashed out between the parties on August 9, 2004, was restored.
 {¶ 33} Husband's second and third assignments of error are overruled.
 IV {¶ 34} In his final assignment of error, husband challenges the trial court's ordering him to turn over confidential information regarding his settlement from the federal discrimination suit.
 {¶ 35} As part of the parties' settlement agreement, husband was required to create an educational trust for the children for post-high school education purposes in an amount equal to 20% of the net settlement of the discrimination suit up to $100,000.00. Although husband did, in fact, set up said trust, wife demanded proof of the amount of the settlement in order to ensure the trust was fully funded. Husband refused to disclose the information. We find the trial court did not err in making such order. However, in order to preserve the confidentiality of the settlement, the trial court should review the information incamera.
 {¶ 36} Husband's fourth assignment of error is overruled.
 {¶ 37} The judgment of the Richland County Court of Common Pleas Court, Domestic Relations Division, is affirmed.
By: Hoffman, P.J. Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.