OPINION
{¶ 1} On November 28, 1980, appellant, Mary Ann Paynter, and appellee, Ernest Paynter, were married. On January 23, 2002, appellant filed a complaint for divorce.
 {¶ 2} On July 10 and 22, 2002, respectively, each party filed a marital balance sheet wherein the value of the marital property was listed as $143,000. A hearing before a magistrate was held on August 19, 2002. By decision filed August 20, 2002, the magistrate recommended a divorce and adopted the parties' in-court agreement as the Court's disposition. The trial court approved and adopted the magistrate's decision on October 11, 2002.
 {¶ 3} On December 9, 2002, appellant filed a motion for relief from judgment, disputing the valuation of the marital property. Without hearing, the magistrate denied the motion on March 14, 2003. Appellant filed objections to the magistrate's decision. By judgment entry filed April 8, 2003, the trial court denied the objections.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The Trial Court abused its discretion and erred as a matter of law in failing to conduct an independent review of Plaintiff-Appellant's objections to the Magistrate's decision."
 II {¶ 6} "The trial court abused its discretion and erred as a matter of law by failing to consider new evidence which was presented in plaintiff-appellant's motion for relief from judgment."
 III {¶ 7} "The trial court abused its discretion and erred as a matter of law by failing to correct a grossly unequal division of marital property which was clearly against the manifest weight of the evidence submitted with the motion."
 I, II, III {¶ 8} Appellant's assignments of error challenge the trial court's denial of her motion for relief from judgment pursuant to Civ.R. 60(B) regarding the valuation of the marital property. Appellant claims the trial court failed to conduct an independent review of the magistrate's decision, erred in denying the request for relief pursuant to new evidence and erred in not holding an evidentiary hearing. Because all three challenges involve the issue of Civ.R. 60(B) relief, we will address them collectively.
 {¶ 9} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 10} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} Appellant argues the magistrate should have conducted an evidentiary hearing on the requested relief, and should have taken testimony on the new evidence, an appraisal submitted by her. We disagree.
 {¶ 12} The standard for when an evidentiary hearing is necessary is set forth in Cogswell v. Cardio Clinic of Stark County, Inc. (October 21, 1991), Stark App. No. CA-8553. In Cogswell, this court held under Civ.R. 60(B), a hearing is not required unless there exists issues supported by evidentiary quality affidavits.
 {¶ 13} In her Civ.R. 60(B) motion filed December 9, 2002, appellant based her request for relief upon "mistake, excusable neglect or any other reason justifying relief." Appellant argued there was an error in the valuation of the marital property. In her December 27, 2002 affidavit submitted in support of her motion, appellant acknowledged she agreed to the valuation in open court, but did so because "she felt great pressure to settle her case based on the values as prepared by her husband's appraiser, and was not able to overcome said pressure, and made an irrational decision to go forward at that time." Appellant also stated she informed her then counsel of her displeasure with the valuation. Attached to her affidavit is an appraisal by Wallace Trout. Said appraisal set the property value at $305,800. An additional affidavit filed on December 30, 2002 by appellant's daughter, Lori Peterson, claimed appellant was given thirty seconds to make her decision and appellant was pressured by her attorney to keep quiet.
 {¶ 14} As the transcript clearly establishes, appellant told the trial court during the original divorce hearing she agreed to the disposition of the marital property and was entering the agreement "freely and voluntarily." August 19, 2002 T. at 3-5.
 {¶ 15} The magistrate's decision and the trial court's subsequent approval and adoption of the decision accepted the uncontested affidavits presented and viewed them vis à vis the record of the August 19, 2002 settlement. We find in the consideration of the Civ.R. 60(B) motion, the trial court was not required to conduct an evidentiary hearing given the uncontested facts and evidence submitted. We also find the trial court was not required to conduct a hearing on valuation. Once the trial court determined there was no cause to grant the Civ.R. 60(B) relief, it had no obligation to hold another hearing to review the valuation.
 {¶ 16} Appellant also challenges the denial of the motion on its merits. In approving and adopting the magistrate's decision, the trial court found appellant was the cause of her own complaints:
 {¶ 17} "The plaintiff had the right and the responsibility to complete her discovery, including expert appraisals of real property, prior to trial. She failed to do so. After the trial, she obtained an opinion from a real estate appraiser that indicates that the value of the real estate may be much more than the defendant's appraiser had opined prior to the trial. Thus, the plaintiff has discovered that she may have made a bad bargain because of her poor trial preparation. In our adversary system of justice, however, these circumstances simply do not constitute a mistake or excusable neglect for which a court judgment will be vacated." See, March 14, 2003 Magistrate's Decision.
 {¶ 18} The crux of appellant's claim is that the $143,000 valuation for the marital property was a mistake, an error. She points to the Trout appraisal obtained after the divorce hearing to support this argument. However, this is contra to appellant's own stated appraisal prior to the divorce hearing. In a "Financial Affidavit" filed February 27, 2002, appellant claimed the "farm" had a value of $183,000. We find such a statement throws a clear light on appellant's acceptance of the agreement, and negates her claims of mistake and/or neglect in her motion.
 {¶ 19} Although there was a mere three and one-half months lapse in time from the agreement to the motion, we nonetheless concur with the trial court's judgment that the matter is more an error of pretrial preparedness as opposed to neglect and/or mistake or any other Civ.R. 60(B) relief.
 {¶ 20} Upon review, we find the trial court did not err in denying appellant's Civ.R. 60(B) motion for relief from judgment.
 {¶ 21} Assignments of Error I, II and III are denied.
 {¶ 22} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is hereby affirmed.
Gwin, P.J. and Edwards, J. concur.