OPINION
{¶ 1} This is an appeal from a summary judgment in favor of Plaintiff, Congress Park Business Center, LLC ("Congress Park") and against Defendant, Nitelites, Inc., on Congress Park's claim for relief arising out of Nitelite, Inc.'s alleged breach of a lease agreement. The existence of a *Page 2 
lease, its breach, and the damages that are due Congress Park are not in issue. The only issue is whether Nitelites, Inc. is liable.
 {¶ 2} The underlying action was filed by Congress Park on November 17, 2003. Its Complaint alleged that, on or about January 30, 2002, Congress Park entered into an agreement with Nitelites, Inc., c/o Jim Landsiedel, its agent, and Josh Johnson, for lease of real property owned by Congress Park, that the lessees breached the agreement, and that as a result of their breach Congress Park has been damaged in the amount of $14,059.75.
 {¶ 3} Congress Park attached a copy of the written lease agreement to its Complaint. The agreement in its heading identifies the lessee as "Night Lights." The subscription page identifies the lessee as "NiteLights, Inc., by James T. Landsiedel and Josh L. Johnson." In addition, Johnson executed an attached written Guarantee that guarantees full performance of its lease obligations by the lessee, which is identified as "Nite Lights."
 {¶ 4} An Answer was filed on behalf of Nitelites, Inc., by Jim Landsiedel, who styled himself as its "alleged agent." The Answer generally denies the allegations in Congress Park's Complaint. *Page 3 
 {¶ 5} Josh L. Johnson failed to file a responsive pleading. On March 19, 2004, on Congress Park's motion, a default judgment was entered against Johnson in the amount of $14,059.75, plus interest and costs.
 {¶ 6} Congress Park moved for summary judgment on its claim for relief against Nitelites, Inc. The motion was supported by the affidavit of Terry Baltes.
 {¶ 7} Nitelites, Inc. filed a memorandum in opposition to the motion. The memorandum contends that the 2002 lease agreement was made by "Night Lights," not Nitelites, Inc., and that Nitelites, Inc. could not have made the lease agreement because it was not incorporated until the following year, 2003. The memorandum was supported by a copy of a certificate of incorporation bearing the signature of the Ohio Secretary of State, made under his seal and dated February 27, 2003.
 {¶ 8} The trial court granted Congress Park's motion for summary judgment on July 22, 2005. The court rejected the evidence of the certificate of incorporation submitted by Nitelites, Inc., because it is not certified. The court also rejected Nitelite, Inc.'s "improper party" defense because it was not raised in the Answer that Nitelites, Inc. filed. Because Congress Park's motion and evidentiary materials demonstrated that it is entitled to relief on its claim, the *Page 4 
trial court granted judgment for Congress Park and against Nitelites, Inc. for $14,059.75, plus interest and costs.
 {¶ 9} Nitelites, Inc. filed a timely notice of appeal. It presents a single assignment of error.
ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRONEOUSLY GRANTED SUMMARY JUDGMENT AGAINST DEFENDANT-APPELLANT, `NITELITES, INC.'"
 {¶ 11} Nitelites, Inc. argues that the trial court erred when it rejected the copy of the Secretary of State's certificate of incorporation that Nitelites, Inc. submitted in support of its memorandum contra, for lack of certification, because the document is self-authenticating pursuant to Evid.R. 902.
 {¶ 12} Evid.R. 901 provides that extrinsic evidence of authentication or identification is a condition precedent to the admissibility of substantive evidence. Evid.R. 902(1) waives that requirement for "[d]omestic public documents under seal." The certificate of incorporation proffered by NiteLites, Inc. satisfies that definition. It bears the signature of the Ohio Secretary of State and states that it is made under his seal. However, the document is clearly a copy, and for that reason its admissibility also requires the supporting testimony of a witness who has compared it to the *Page 5 
original and testifies that it is true and correct. Evid.R. 1005;Deyling v. Flowers (1983), 10 Ohio App.3d. 19.
 {¶ 13} Nitelites, Inc. offered no evidence that the copy of the certificate of incorporation it proffered was a true and correct copy. Therefore, the trial court did not abuse its discretion when it declined to consider that evidence.
 {¶ 14} Neither did Nitelites, Inc. offer any other testimonial evidence to support its assertion in its memorandum contra the motion for summary judgment that Congress Park had named the wrong party in the Complaint it filed against Nitelites, Inc. The memorandum was signed by Nitelites, Inc.'s attorney, but was not verified. Civ.R. 56(C) requires a party opposing a motion for summary judgment to "file opposing affidavits," and further provides that "[n]o evidence or stipulation may be considered except as stated in this rule." The memorandum that Nitelites, Inc. filed therefore was insufficient for the court to consider.
 {¶ 15} Nitelite, Inc.'s contention that it is not liable on the lease agreement because another person or persons made the agreement and/or that Nitelites, Inc. was not then in existence is a defense contemplated by Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted against Nitelites, Inc. Civ.R. 12(B) requires all defenses in *Page 6 
law or fact to be stated in a pleading responsive to a claim for relief to which the defense applies. Civ.R. 12(B)(6) defensive matters may alternatively be presented by motion. Nitelites, Inc. did neither, and per Civ.R. 12(H)(2) the failure waived the defense on which it relied in resisting Congress Park's motion for summary judgment. The trial court was correct when it so found.
 {¶ 16} Civ.R. 56(C) provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis supplied). Applying that standard to the record before it, the trial court did not err when it granted Congress Park's motion for summary judgment.
 {¶ 17} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 WOLFF, P.J. and BROGAN, J., concur.