[Cite as *Krueger v. Krueger*, 2024-Ohio-2863.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

COLEEN J. KRUEGER,

       Petitioner-Appellee,

  - vs -

BRIAN J. KRUEGER,

       Petitioner-Appellant.

CASE NO. 2023-G-0046

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 DK 000134

# O P I N I O N

Decided: July 29, 2024
Judgment: Affirmed and remanded

*Scott S. Rosenthal* and *Alarra S. Jordan*, Rosenthal Lane, LLC, North Point Tower, 1001 Lakeside Avenue, Suite 1720, Cleveland, OH 44114 (For Petitioner-Appellee).

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Petitioner-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Brian J. Krueger ("Mr. Krueger"), appeals from the judgment entry of the Geauga County Court of Common Pleas that found appellee, his former spouse Coleen Krueger ("Ms. Krueger"), was entitled to summary judgment on her claim for Civ.R. 60(B)(3) relief from the parties' April 21, 2021 judgment entry of dissolution. The trial court found Mr. Krueger fraudulently misrepresented the value of the parties' 25% marital interest in HGR Industrial Surplus, Inc. ("HGR") in the parties' separation agreement, and, following the savings clause and the fraud clause in the parties'

separation agreement for undisclosed assets, the court divided the parties' adjusted 25% marital interest in HGR equally and awarded Ms. Krueger $1,000,000 in equitable relief.

{¶2} Mr. Krueger raises six assignments of error for our review, contending (1) the trial court erred as a matter of law by modifying the parties' division of property in violation of R.C. 3107.171, (2) the trial court abused its discretion by finding that he did not consent to a modification of the division of property and that he failed to disclose his business interest prior to the parties' execution of the settlement agreement, (3) the trial court erred by granting Ms. Krueger's motion for summary judgment on a Civ.R. 60(B) motion for relief from judgment, (4) the trial court abused its discretion by finding Ms. Krueger was entitled to Civ.R. 60(B) relief from judgment, (5) the trial court's modification of property is neither just nor equitable, and (6) the cumulative impact of the trial court's procedural errors and disregard of Ohio law deprived him of his due process rights.

{¶3} After a careful review of the record and pertinent law, we find Mr. Krueger's assignments of error, which we address out of turn and in part together, are without merit.

{¶4} Mr. Krueger's fourth assignment of error is without merit since any error by allowing the parties to file summary judgment motions on Ms. Krueger's Civ.R. 60(B) motion for relief from judgment was harmless error. The trial court had sufficient evidence before it to decide the merits. The record reveals the parties submitted affidavits, depositions, and other evidence, including documents produced in response to subpoenas issued on discovery. Most fundamentally, there were no operative facts in dispute, and the parties differed only in their applications of the law.

{¶5} Mr. Krueger's first, second, and third assignments of error are also without merit. The trial court did not abuse its discretion in granting Ms. Krueger's motion for relief

2

from judgment pursuant to Civ.R. 60(B)(3). The evidence revealed that Mr. Krueger failed to disclose information known only to him, that he had a duty to disclose this information, that it was material to the parties' agreement, and that Ms. Krueger justifiably relied on his misrepresentation to her detriment. Lastly, the parties' separation agreement contained a savings clause allowing the offending property division to be excised from the agreement and a fraud provision retaining the trial court's jurisdiction for the division of undisclosed substantial assets post-decree. Thus, the trial court was able to divide the parties' 25% interest per the express terms of the parties' agreement and with their express consent.

{¶6} Mr. Krueger's fifth assignment of error is without merit since any tax consequences of the monies he received from the sale of HGR is speculative. Mr. Krueger failed to submit any evidence, such as tax returns, for the trial court to consider.

{¶7} Mr. Krueger's sixth assignment of error is without merit since we determined the trial court committed, at most, a harmless error; thus, the cumulative error doctrine does not apply.

{¶8} Lastly, our review of the trial court's judgment entry reveals clerical errors in its calculation of the parties' respective property interests in HGR on pages 18-19, paragraphs 6(A) and (B). Thus, we remand for the trial court to issue a nunc pro tunc judgment entry reflecting the proper amounts, as reflected on pages 20 and 21.

{¶9} The judgment of the Geauga County Court of Common Pleas is affirmed and remanded for the limited purpose of the trial court's issuance of a nunc pro tunc judgment entry.

3

**Substantive and Procedural History**

{¶10} The parties were married from July 31, 1998, to April 19, 2021. They had two children born of the marriage, both of whom are now emancipated.

{¶11} The only issue on appeal is the parties' 25% interest in HGR.

**The Dissolution**

{¶12} On April 21, 2021, the trial court issued a judgment entry of dissolution that incorporated the parties' separation agreement. The separation agreement also incorporated a "confidential memorandum of understanding" that was not made part of the public record.

{¶13} In the separation agreement, the parties agreed Mr. Krueger's business interests, including the 25% interest in HGR, were marital assets. The parties agreed that Mr. Krueger would retain his business interests and that Ms. Krueger would receive half of their fair market value, payable by the allocation of other assets and a lump sum payment.

{¶14} The agreement further provided that "[t]he parties acknowledge and agree that the value of Husband's interests are set for[th in] the Confidential Memorandum of Understanding. The parties acknowledge and agree they have not obtained an independent valuation(s) of Husband's business interests and stipulate to the values determined by each entity's internal valuation formula as set forth in their respective 'Buy-Sell' provisions. The parties then utilized June 30, 2020 data as provided by Husband and relied on that data in arriving at values." Accordingly, the parties' 25% interest in HGR was valued at $3,179,016.68, or $1,589,508 for each party (HGR was valued at $12,716,066.75).

4

{¶15} The separation agreement also contained a "Full Disclosure and Binding Effect" (fraud) clause, which provided, in relevant part:

{¶16} "The parties acknowledge and warrant that they have made a full and correct representation as to his and her financial status, assets, liabilities, and income and that each is hereby satisfied with the completeness and correctness of the other's representations. The parties further acknowledge that each is relying on the other's representations as to assets, liabilities and income. In the event it is hereafter discovered that either party has failed to disclose, whether knowingly or inadvertently, an asset the value of which is substantial (herein defined as having a value in excess of $2,500.00), the other party shall be entitled to one-half if it is a divisible asset, or 50% of the value, as independently ascertained, of said asset. The parties further acknowledge and agree that if either of them are later determined to have knowingly failed to disclose an asset (or debt affecting the other party) as set forth above, then the Court shall have the authority to award the other party treble damages as to the amount or value of the asset or debt not disclosed in addition to any other remedies available at law or in equity as set forth in O.R.C. 3105.17l(E)."

{¶17} In addition, the agreement contained a "Savings Clause," which provided: "If any portion of this Agreement shall be deemed unenforceable under the laws of the state of Ohio, that portion shall be excised and it is the intention of the parties that the remaining portions thereof shall remain in full force and effect."

{¶18} At the April 2021 dissolution hearing, Mr. Krueger testified that he "fully disclose[d] [his] assets and liabilities to his wife."

5

**Ms. Krueger's Civ.R. 60(B) Motion for Relief from Judgment**

{¶19} On December 3, 2021, Ms. Krueger filed an "Amended Motion for Relief from Judgment," contending that Mr. Krueger fraudulently misrepresented the value of the parties' 25% interest in HGR during the dissolution process while he was simultaneously negotiating with a third-party buyer to sell HGR (between December 2020 through April 2021). Ms. Krueger further alleged that Mr. Krueger and his three partners/shareholders sold HGR on June 22, 2021, for $51,081,664. As a result of the sale, Mr. Krueger received $12,648,072 for his 25% interest.

{¶20} The magistrate issued an order that, among other issues, set discovery deadlines and gave notice that either party was permitted to file a motion for summary judgment with scheduling dates for the filing of such a motion and any reply.

{¶21} On the same day Ms. Krueger filed her Civ.R. 60(B) motion, she also filed five subpoenas duces tecum to HGR's three other officers/shareholders, HGR, and Ameriprise Financial. Mr. Krueger subsequently filed a motion to quash the subpoenas.

{¶22} The trial court denied Mr. Krueger's motion, finding the purpose of the subpoenas was to provide documentation relating to the alleged sale of HGR, Mr. Krueger lacked standing to challenge the subpoenas on behalf of the entities, and none of the entities challenged the subpoenas. The magistrate further ordered Ms. Krueger to forward all documents and records she received in response to the subpoenas to opposing counsel.

{¶23} Mr. Krueger filed a brief in opposition to Ms. Krueger's Civ.R. 60(B) motion in February 2022, contending, in part, that a Civ.R. 60(B) motion for relief from judgment

6

cannot be used to modify a division of property post-dissolution decree and that Ms. Krueger failed to demonstrate she was entitled to relief.

## Ms. Krueger's Motion for Summary Judgment

{¶24} In May 2022, Ms. Krueger filed a motion for summary judgment, contending she was entitled to relief from judgment due to fraud, i.e., Mr. Krueger had a duty to accurately disclose the value of HGR, he knowingly misrepresented the value of the parties' marital interest in HGR to her and the court while actively concealing the negotiations and increase in the parties' 25% interest, and she justifiably relied on the erroneous value in negotiating the terms of the parties' settlement agreement/dissolution.

{¶25} With her motion, Ms. Krueger filed under seal numerous confidential documents received from the subpoenas that were accompanied by her own affidavit and affidavits from her former attorney who represented her during the dissolution and her current attorneys; a certification letter from a records custodian at Huntington Bank; and a declaration from HGR's chief financial officer. The documents included the judgment entry of dissolution, with the incorporated separation agreement, child support worksheet, and quitclaim deed from Mr. Krueger transferring his interest in the parties' marital home to Ms. Krueger; emails between the Kruegers' former attorneys during the dissolution process; the "certificate of agreed value" from the HGR officers, signed August 21, 2020, agreeing the fair market value of HGR was $11,850,000; the parties' confidential memorandum of understanding; Mr. Krueger's responses to Ms. Krueger's request for admissions; and a transcript of the April 19, 2021 dissolution hearing.

{¶26} Also included in the confidential documents filed under seal were various emails and documents between HGR officers and/or with the buyer beginning December

7

2020 through January, February, March, and April 2021, including the June 2021 Interest Purchase Agreement and Escrow Agreement for the sale of HGR, Mr. Krueger (as chief operating officer) discussing the sale with the buyer as early as December 2020, Mr. Krueger visiting the buyer's facility, a nondisclosure agreement, an indication of interest letter from the buyer offering a purchasing price of $24 to $28 million, drafts of a letter of intent, and emails reflecting the sale price rose to an agreed upon $52 million by the end of March 2021.

{¶27} There were also emails and documents regarding HGR's sale from May through June 21, 2021, when the $52 million sale of HGR occurred, including corporate filings with the state of Ohio and Mr. Krueger's June/July bank statement reflecting two deposits for $8,648,072.48 and $4,000,000 on June 22, 2021.

{¶28} In Ms. Krueger's affidavit, she attested that she and Mr. Krueger began negotiations to dissolve their marriage in the fall of 2020 and that they were finalized by the separation agreement in February 2021. At no time did Mr. Krueger "indicate, state, or otherwise inform [her] that a sale or acquisition of HGR was in progress or that negotiations for the sale of HGR were ongoing." Two months after the parties' April 19, 2021 dissolution, HGR was sold. Ms. Krueger discovered the sale from an HGR employee, which was separately confirmed by a family member and a friend in November 2021.

{¶29} Ms. Krueger further discovered HGR was sold for $52 million, which was four times the valuation given by Mr. Krueger. She obtained additional information of the sale from filings with the Ohio Secretary of State, documents produced by HGR, and SEC filings. Ms. Krueger further attested that the emails and documents produced by HGR

8

confirm Mr. Krueger was engaged in the negotiations for the sale of HGR during the negotiations of the dissolution, as well as during and after the final dissolution hearing.

## Mr. Krueger's Brief in Opposition

{¶30} In turn, Mr. Krueger filed a brief in opposition, attaching his affidavit as well as multiple documents, emails, and filings from the dissolution process and documents, filings, and appeals to this court and the Supreme Court of Ohio surrounding the instant matter.[1]

{¶31} Mr. Krueger also filed a motion to dismiss Ms. Krueger's motion for summary judgment.

{¶32} In his motions, Mr. Krueger argued that trying the issues of Ms. Krueger's Civ.R.60(B) motion for relief on summary judgment was contrary to the civil rules and eliminated the need for an evidentiary hearing; he was deprived of his right to discovery; he properly disclosed all assets, income, and property during the dissolution process; and Ms. Krueger had a duty to obtain an independent valuation of HGR prior to the dissolution hearing. Mr. Krueger further contended that Ms. Krueger failed to meet her burden on summary judgment and attached improper affidavits from the records custodians, she failed to set forth a meritorious claim or defense to be granted relief from the judgment entry of dissolution, and a trial court has no authority to modify a separation agreement once it is approved and incorporated into a dissolution decree.

---

1. Mr. Krueger filed several appeals challenging the trial court's denial of his motions to recuse the magistrate and for additional discovery. In *Krueger v. Krueger*, 2022-Ohio-3782 (11th Dist.), *appeal not accepted*, 2023-Ohio-554, we dismissed his appeals for lack of final appealable orders. Mr. Krueger also filed an affidavit in the Supreme Court of Ohio seeking to disqualify the trial court judge, which the court denied in *In re Disqualification of Ondrey*, 2022-Ohio-3204.

9

{¶33} In his affidavit, Mr. Krueger attested to the documents he attached from the dissolution, that he properly represented the value of HGR during the dissolution process, that his interest in HGR was sold following the judgment entry of dissolution, and that Ms. Krueger did not rely upon his representations as to the value of his business interests. He also stated a variety of attestations that were legal or conclusory statements, such as objections to the magistrate's discovery orders and Ms. Krueger's failure to meet her burdens of proof on a Civ.R. 60(B) and/or a Civ.R. 56(C) motion.

**The Magistrate's Decision**

{¶34} At the end of July 2023, the magistrate issued a decision, granting Ms. Krueger's motion for summary judgment in connection with her Civ.R. 60(B) motion for relief from judgment and denying Mr. Krueger's motions to dismiss and to strike Ms. Krueger's affidavits.

{¶35} The magistrate found the parties' negotiations to dissolve their marriage began in the summer of 2020. During these negotiations, Mr. Krueger provided numerous financial documents relating to HGR, including the certificate of value, upon which the parties agreed to rely instead of a formal valuation.

{¶36} In reviewing the evidence, the magistrate noted the parties' signed confidential memorandum specified that "[t]he parties acknowledge and agree that the values set forth in the attached Marital Balance Sheet (Exhibit 'A') are reasonably accurate as of February 28, 2021, the date of division of assets chosen by the parties," and that the "parties acknowledge and agree that they intend for the assets to be allocated so that Wife is owed an equalizing payment of $600,000." Mr. Krueger had verified the $3,179,016 valuation of the parties' 25% HGR interest as set forth in the Marital Balance

10

Sheet was "accurate" in an email his former counsel sent to Ms. Krueger's former counsel. The parties signed their separation agreement on April 19, 2021.

{¶37} The magistrate further found Ms. Krueger was unaware Mr. Krueger and his three partners/shareholders had begun negotiations to sell HGR on December 18, 2020, reviewing the emails and letters between the potential third-party buyer and Mr. Krueger that Ms. Krueger submitted on summary judgment. The evidence reflected that in June 2021, HGR was sold for approximately $51,081,664 and that Mr. Krueger received $12,648,072 for his 25% interest. Thus, the magistrate found Mr. Krueger received a "windfall" of $11,058,567 (minus the $1,589,505 50% share of his half of the original value of the parties' 25% interest in HGR).

{¶38} In response to Ms. Krueger's request for admissions, Mr. Krueger denied that negotiations for HGR were ongoing in February 2021, that he failed to make a full disclosure of his assets at the dissolution hearing, that he signed documents agreeing to the sale in June 2021, that HGR was sold for approximately $52 million, and that he received approximately $12 million from the sale.

{¶39} The magistrate concluded Ms. Krueger met the burden for a Civ.R. 60(B)(3) motion and proved the elements of fraud, i.e., (1) Mr. Krueger misrepresented the value and/or failed to disclose the ongoing negotiations; (2) the increase in value of HGR was material to the parties' division of property; (3) Mr. Krueger knew prior to the execution of the parties' separation agreement on April 19, 2021 that his previous representations of HGR's value were false and that he failed to disclose pertinent information; (4) Mr. Krueger intended to deceive Ms. Krueger; (5) Ms. Krueger justifiably relied on Mr.

Krueger's representations; and (6) Mr. Krueger's misrepresentations/failure to disclose resulted in a windfall for himself.

{¶40} The magistrate further found Ms. Krueger satisfied her burden of proof on summary judgment by demonstrating there were no genuine issues of material fact and she was entitled to judgment as a matter of law. Mr. Krueger, however, failed his reciprocal burden on summary judgment as the nonmoving party by failing to submit evidence that refuted Ms. Krueger's evidence and/or failed to establish a material question of fact existed. Instead, Mr. Krueger offered conclusory statements and legal arguments. In addition, even if Ms. Krueger had engaged a business valuation expert to value HGR, Mr. Krueger had a duty to disclose that he was in negotiations to sell HGR to a third-party buyer before the execution of the parties' separation agreement. Lastly, Mr. Krueger failed to challenge the authenticity of Ms. Krueger's documents rather than the affidavits of the records custodians, which the magistrate found sufficient.

{¶41} The magistrate concluded that Ms. Krueger was entitled to receive 50% of the "windfall" Mr. Kruger received from the sale of the parties' 25% marital interest in HGR ($5,529,283), in addition to the original payments as outlined in the parties' separation agreement.

**The Parties' Objections**

{¶42} Both parties objected to the magistrate's decision.

{¶43} Ms. Krueger objected to the magistrate's award because the magistrate did not include an award of treble damages. The separation agreement included a fraud clause for undisclosed assets that allowed the trial court to award treble damages for an amount or value of an asset or debt not disclosed "in addition to any other remedies

12

Case No. 2023-G-0046

available at law or in equity as set forth in O.R.C. 3105.171(E)." Ms. Krueger further objected to the magistrate failing to award her attorney fees pursuant to the separation agreement and R.C. 3105.73(A).

{¶44} Mr. Krueger filed four sets of objections to the magistrate's decision. Mr. Krueger contended in part that the magistrate lacked jurisdiction to modify the parties' division of property, erred by denying him the opportunity to conduct necessary discovery, and failed to acknowledge or consider the factual allegations he asserted in his affidavit. Further, Ms. Krueger should have obtained an expert valuation during the dissolution process, thus waiving any claims of error in the valuation of the parties' 25% interest in HGR.

### The Trial Court's Judgment

{¶45} After an independent review of the magistrate's decision, the parties' objections, the docket, the pleadings, and all the evidence, the trial court issued a thorough judgment entry, finding that Ms. Krueger established she was entitled to relief on her Civ.R. 60(B)(3) motion for relief from judgment due to fraud. Further, Ms. Krueger carried her burden on summary judgment, demonstrating there were no genuine issues of material fact and she was entitled to judgment as a matter of law.

{¶46} In adopting the magistrate's findings, the trial court noted Mr. Krueger failed to disclose and/or concealed all information known only to him regarding the sale and/or the value of HGR. He also made false representations in open court. Further, in his affidavit attached to his brief in opposition to Ms. Krueger's motion for summary judgment, he continued to deny any wrongdoing and did not acknowledge his duty to disclose any information.

Case No. 2023-G-0046

{¶47} The trial court concluded Ms. Krueger was entitled to at least 50% of any "windfall" Mr. Krueger received from the sale of the parties' 25% interest in HGR, plus an additional award of marital property based upon Mr. Krueger's fraud and misconduct.

{¶48} The trial court then addressed the parties' objections.

{¶49} The trial court overruled Mr. Krueger's objection that it was impermissibly modifying the parties' separation agreement since Ms. Krueger sought relief under Civ.R. 60(B)(3) for fraud, misrepresentation, or misconduct. Further, the parties' separation agreement contained a savings clause allowing the court to excise invalid clauses and provided the trial court with jurisdiction to address either parties' failure to disclose assets or liabilities and to award treble damages and other remedies due to such failure.

{¶50} While Mr. Krueger argued the magistrate failed to consider the tax consequences, the trial court found he never admitted to the exact amount of gross proceeds he received; and while he stated he paid federal and state taxes totaling $1,794,438, he failed to submit his 2021 federal and state tax returns.

{¶51} The trial court further found Mr. Krueger's affidavit did not refute Ms. Krueger's evidence of his fraud and misconduct since it focused on the parties' settlement discussions and facts leading to her reliance on his representations during the dissolution process. He made no mention of the negotiations of the sale of HGR during the winter of 2020/21 and the spring of 2021, and he made no effort to explain, much less justify, his failure to disclose and/or his concealment of that information.

{¶52} The trial court also overruled Mr. Krueger's objection that Ms. Krueger did not meet her burden on summary judgment, finding he submitted no facts or evidence to refute her evidence that he did not disclose relevant information of the sale of HGR during

14

the dissolution process. The trial court further found he lied under oath during the dissolution hearing.

{¶53} The trial court overruled Mr. Krueger's objections to the magistrate's "procedural errors and denial of discovery," finding his arguments "specious" since the magistrate was regulating the proceedings and timely ruled based upon relevant facts and law.

{¶54} Lastly, the trial court overruled Ms. Krueger's objection regarding attorney fees, finding each party is responsible for payment of their respective fees and litigation expenses.

{¶55} The trial court agreed with Mr. Krueger that the magistrate did not correctly calculate the "windfall" Mr. Krueger received because the magistrate had failed to account for the amount Mr. Krueger was originally required to pay Ms. Krueger ($1,595,508) in the original separation agreement.

{¶56} The trial court concluded the actual value of the parties' 25% interest in HGR is $12,648,072. $3,179,016 of this was previously allocated to the parties' interest pursuant to their confidential agreement incorporated into their separation agreement ($1,589,508 each), thus leaving a balance of $9,469,056. The trial court ordered that of the remaining balance, Ms. Krueger is entitled to 50% ($4,734,528), plus an additional $1,000,000 due to Mr. Krueger's fraud and financial misconduct. Mr. Krueger is entitled to $3,734,528. Stated differently, of the $12,648,072, Ms. Krueger is entitled to $7,324,036 and Mr. Krueger is entitled to $5,324,036.

{¶57} Mr. Krueger raises six assignments of error for our review:

15

{¶58} "[1.] The trial court erred as a matter of law by modifying the parties' division of property in violation of Ohio Revised Code Section 3105.171.

{¶59} "[2.] The trial court abused its discretion by finding that appellant consented to a modification of the division of property, and that the appellant failed to disclose his business interest prior to the execution of the parties['] separation agreement.

{¶60} "[3.] The trial court erred as a matter of law and abused its discretion by granting the appellee summary judgment on her Civ. R. 60(B) motion for relief from judgment, and by granting the appellee relief that was not requested in her motion for relief from judgment.

{¶61} "[4.] The trial court erred as a matter of law and abused its discretion by finding that the appellee was entitled to relief from judgment under Civ. R. 60(B).

{¶62} "[5.] The trial court's modified division of property is neither just nor equitable and constitutes an abuse of discretion.

{¶63} "[6.] The cumulative impact of the trial court's procedural errors and disregard of Ohio law has deprived the appellant of his due process rights."

**Standard of Review**

{¶64} In reviewing an appeal from a trial court's judgment adopting a magistrate's decision, we determine whether the trial court abused its discretion. *Walsh v. Walsh*, 2022-Ohio-3373, ¶ 31 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶65} Where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not

16

Case No. 2023-G-0046

enough, without more, to find error. *Id.* at ¶ 67. When a pure issue of law is involved in appellate review, however, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.*

{¶66} In reviewing a motion for relief from judgment pursuant to Civ.R. 60(B), we similarly determine whether the trial court abused its discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). To prevail on a Civ.R. 60(B) motion, "'the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.'" *Argo Plastic Prods. Co. v. Cleveland*, 15 Ohio St.3d 389, 391 (1984), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. *Id.*

{¶67} "'Civ.R. 60(B)(3) permits relief from judgment in cases of fraud, misrepresentation, and other misconduct by an adverse party.'" *Smith v. Smith*, 2024-Ohio-45, ¶ 29 (10th Dist.), quoting *Pond v. Pond*, 2022-Ohio-3561, ¶ 28 (10th Dist.). "'"[T]he fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself."'" *Id.*, quoting *Elevation Ents. v. Anchor Capitol L.L.C.*, 2023-Ohio-1646, ¶ 18 (10th Dist.), quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 13. For example,

17

fraud on an adverse party may exist when a party presents materially false testimony at trial, and the falsity is not discovered until after the trial. *Pond* at ¶ 28.

**{¶68}** Lastly, we review de novo a trial court's order granting summary judgment. *Sabo v. Zimmerman*, 2012-Ohio-4763, ¶ 9 (11th Dist.). A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Id.*

**{¶69}** We address Mr. Krueger's assignments of error out of turn so we may better address his arguments.

### Civ.R. 56(C) Summary Judgment

**{¶70}** In his third assignment of error, Mr. Krueger contends that a Civ.R. 56(C) motion for summary judgment is not applicable to a Civ.R. 60(B) motion for relief from judgment. Further, he was deprived of his day in court because the trial court did not hold an oral hearing. In addition, Ms. Krueger submitted affidavits from records custodians that were not properly notarized and/or were from people who did not have personal knowledge of the documents, such as Ms. Krueger's former and current attorneys.

**{¶71}** Mr. Krueger cites *In re McLoughlin v. McLoughlin*, 2006-Ohio-1530 (10th Dist.), for his proposition that a motion for summary judgment is not applicable to a post-decree motion for relief from judgment. In that case, the trial court decided the wife's Civ.R. 60(B) motion for relief from judgment of a dissolution decree on summary judgment motions. *Id.* at ¶ 1. The wife contended that the husband had failed to disclose and/or actively misrepresented the value of his pension at the time of the dissolution negotiations. *Id.* at ¶ 8. The husband did not oppose the motion, and the trial court issued

18

a judgment entry finding that the wife had alleged sufficient operative facts to warrant an evidentiary hearing. *Id.* at ¶ 8-9. The case contained all the dates typically found in the case schedule of an active case (disclosure of witnesses, discovery cut-off, dispositive motion, pre-conference, and trial). *Id.* at ¶ 10. In conformity with that schedule, the wife filed a motion for summary judgment seeking relief on her pending Civ.R. 60(B) motion. *Id.* at ¶ 11. In turn, the husband also filed a motion for summary judgment, and both parties opposed the other's motion. *Id.* The trial court granted the husband's motion for summary judgment and denied the wife's motion for relief from judgment. *Id.* at ¶ 12.

{¶72} The Tenth District found it was erroneous to allow a Civ.R. 60(B) motion to be decided on summary judgment, explaining:

{¶73} "The difference between proceeding under a summary judgment standard versus submitting evidence for relief from judgment by written briefing (rather than oral argument) is an important one. Civ.R. 56 provides a tool to obtain judgment where warranted. The rule provides: 'A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action.' On the other hand, Civ.R. 60(B) is used to obtain relief from a judgment already in place. The rule states: 'On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding' for an enumerated list of reasons. A motion for relief from judgment is not a claim, counterclaim, cross-claim, or request for declaratory judgment. Therefore, Civ.R. 56 has no application to the determination of a Civ.R. 60(B) motion.

19

**{¶74}** "However, counsels' confusion does not undermine the viability of the court's decision. The original motion before the trial court was one for relief from judgment. Typically, an evidentiary hearing is needed before a court can rule on the merits of such a motion: "'If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under *Civil Rule 60(B)*, the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102, quoting *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 448 N.E.2d 809. (Emphasis sic.) However, that evidentiary hearing need not be in the form of oral arguments before the court. Instead, the moving party may also establish his or her entitlement to relief by presenting operative facts in the form of affidavits, depositions, transcripts of evidence, written stipulations and other evidence given under oath. *Fields Excavating, Inc. v. Welsh Electric Co.*, Franklin App. No. 04AP-150, 2005-Ohio-708, at ¶ 8. Thus, where the facts are uncontested and the parties have presented evidentiary materials to the court, the court may properly decide a motion for relief from judgment on the written material submitted. Id. at ¶ 11; *Paynter v. Paynter*, Muskingum App. No. CT2003-0024, 2003-Ohio-7101." *Id.* at ¶ 18-19.

**{¶75}** Since the evidence submitted with the parties' erroneously labeled motions for summary judgment, including affidavits, depositions, and exhibits, "sufficiently argued the parties' disparate positions," the trial court was not required to hold an oral evidentiary hearing. *Id.* at ¶ 20. The Tenth District concluded:

**{¶76}** "The erroneous captions on the parties' filings and the trial court's failure to correct those errors amount to no more than harmless error. The faulty labels prejudiced

20

Case No. 2023-G-0046

neither party. Each was given the opportunity to present the merits of his or her position. Moreover, the court did not err in ruling on the motion for relief from judgment without an oral hearing based on the evidence submitted and the uncontested facts." *Id.* at ¶ 21.

{¶77} We find this reasoning persuasive. In this case, the court set the matter for an oral hearing, issued a discovery scheduling order, and included a notice that the parties could file motions for summary judgment by a certain date.

{¶78} While an evidentiary hearing is typically required before the court can rule on the merits of a Civ.R. 60(B) motion, the trial court's failure to do so "does not automatically constitute an abuse of discretion." *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 14 (1978). To require a hearing even though there is sufficient evidence of a valid Civ.R. 60(B) claim on the record would not further the interests of justice, implement speedy litigation, or encourage the decision of cases on the merits. *Id.* In *Doddridge*, the Supreme Court of Ohio held the trial court's failure to hold a hearing did not constitute reversible error because the court had sufficient evidence on the record to rule on appellee's Civ.R. 60(B) motion. *Id. See also Tillimon v. Coutcher*, 2019-Ohio-1683, ¶ 15 (6th Dist.).

{¶79} Similarly in this case, the trial court had sufficient evidence before it to decide the merits of Ms. Krueger's Civ.R. 60(B) motion for relief from judgment, and the trial court did not abuse its discretion in failing to hold an oral hearing. The parties submitted affidavits, depositions, and other evidence, including documents produced in response to subpoenas issued on discovery. Most fundamentally, there were no operative facts in dispute, and the parties differed only in their applications of law. Lastly, the parties' separation agreement contained a fraud clause for the division of undisclosed

21

assets post-decree and a savings clause. While Mr. Krueger argues he was "denied his day in court," he does not offer on appeal what evidence he was prevented from presenting.

{¶80} Thus, any error in the trial court deciding the merits of Ms. Krueger's Civ.R. 60(B) motion for relief from judgment under a summary judgment motion was harmless error in this case.

{¶81} Mr. Krueger also takes issue with the affidavits Ms. Krueger filed to authenticate the confidential documents she filed under seal as part of her motion for summary judgment.

{¶82} Evid.R. 803(6) provides that "records of regularly conducted activity" are not excluded by the rule against hearsay. Under Evid.R. 803(6), a record of regularly conducted activity is:

{¶83} "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, *all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10)*, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." (Emphasis added.)

{¶84} Before a document can be admitted into evidence, it must be properly authenticated as set forth in Evid.R. 901 or self-authenticating under Evid.R. 902. A document is properly authenticated under Evid.R. 901(A) "by evidence sufficient to

22

support a finding that the matter in question is what its proponent claims." Therefore, under Evid.R. 901, "extrinsic evidence of authentication or identification is a condition precedent to the admissibility of substantive evidence." *Congress Park Business Ctr., LLC v. Nitelites, Inc.*, 2007-Ohio-4200, ¶ 12 (2d Dist.). Evid.R. 902, on the other hand, lists certain kinds of documents that are self-authenticating, i.e., documents that can be admitted without extrinsic evidence of their authenticity. The threshold for authenticating evidence is low, requiring only foundational evidence for the trier of fact to conclude that the evidence is what the proponent claims it to be. *State v. Dawson*, 2010-Ohio-3904, ¶ 13 (2d Dist.).

{¶85} The record reveals that Ms. Krueger issued subpoenas deuces tecum in relevant part to Huntington Bank (where Mr. Krueger keeps an account) and HGR. The records custodian from Huntington Bank responded with the documents requested and a signed, certified letter that the records produced were in accordance with the terms of the subpoena, that they represented information kept in the ordinary course of business, and that they were true and accurate copies.

{¶86} Similarly, HGR sent the documents requested with a signed declaration by HGR's executive vice president and chief financial officer stating, under penalty of perjury, that the company searched for records according to the terms of the subpoena, and that the produced records were true and accurate copies of records that were generated/received and maintained by HGR in the ordinary course of business. Ms. Krueger's counsel also attached an affidavit stating he received the documents from HGR's counsel and Huntington Bank in response to the subpoenas, he provided the

23

documents to opposing counsel (per the magistrate's order), and he was attesting upon his own personal knowledge of the documents he received via email and via subpoena.

{¶87} In *State v. Richardson*, 2016-Ohio-8081 (2d Dist.), the Second District was confronted with a similar situation, albeit in a criminal trial. A special agent who received bank documents in response to a subpoena testified to their authenticity. *Id.* at ¶ 45. Along with the records, he received a letter from the bank addressed to him certifying that the records were produced pursuant to subpoena, that they were true and accurate copies of the original, and that they were created and maintained in the course of business. *Id.* at ¶ 40-41.

{¶88} The court concluded that the agent's subpoena and the certified letter from the bank provided the bank records with a sufficient indicia of reliability that the documents were what they purported to be. *Id.* at ¶ 45. Further, they were bank records not prepared for litigation and were nontestimonial in nature. *Id.* Thus, the state presented sufficient evidence to authenticate the bank records, and they were properly admitted into evidence. *Id. See also Chagrin Falls v. Ptak*, 2020-Ohio-5623, ¶ 21 (8th Dist.) (it was unnecessary to authenticate records or elicit testimony from a records custodian where a detective testified he obtained the appellant's cell phone records through a court-ordered subpoena, and the records were accompanied by a certification of authenticity from a records custodian that was admitted into evidence); *Brecksville v. Sadaghiani*, 2021-Ohio-2443, ¶ 31 (8th Dist.) (records were authentic, responsive to subpoena requests, and accompanied by declarations from records custodians; thus, testimony from a records custodian was unnecessary).

24

Case No. 2023-G-0046

{¶89}　Similarly in this case, the subpoenas are part of the record, and the records custodians sent a certified letter and/or a declaration to Ms. Krueger's counsel swearing the documents were what they purported to be and that they were created/maintained in the ordinary course of business.　Ms. Krueger's counsel averred that he received the documents in response to a subpoena and that he shared them with opposing counsel. Further, the documents (bank records and business documents/emails) were not prepared for litigation and are nontestimonial in nature.

{¶90}　Mr. Krueger's fourth assignment of error is without merit.

### Civ.R. 60(B)(3) Motion for Relief from Judgment

{¶91}　Having addressed the unusual procedure in this case, we turn to the central issue, which Mr. Krueger raises in his third assignment of error, contending the trial court erred as a matter of law and abused its discretion by finding Ms. Krueger was entitled to relief from judgment pursuant to Civ.R. 60(B)(3).　In his first and second assignments of error, Mr. Krueger challenges the trial court's jurisdiction to modify the parties' property division pursuant to R.C. 3105.171 and whether the parties expressly agreed to such jurisdiction.

{¶92}　"In Ohio, dissolution is a creature of statute that is based upon the parties' consent.　It is this mutuality component of a dissolution that distinguishes it from termination of a marriage by divorce.　Indeed, 'mutual consent is the cornerstone of our dissolution law.'" *In re Whitman*, 81 Ohio St.3d 239, 241 (1998), quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 144 (1986).

{¶93}　"An integral part of the dissolution proceeding is the separation agreement agreed to by both spouses," which constitutes "a binding contract between the parties."

25

*Id.* "If the court is satisfied that both parties agree to the dissolution and to the terms of the separation agreement, then a judgment or decree of dissolution is granted whereby the marriage is legally terminated." *Id.*; *see* R.C. 3105.65(B).

{¶94} Courts retain only limited jurisdiction in dissolution proceedings. *In re Whitman* at 241. For instance, R.C. 3105.65(B) provides that "[t]he court may modify the division of property provided in the separation agreement only upon the express written consent or agreement of both spouses." *See also* R.C. 3105.171(I).

{¶95} The Supreme Court of Ohio, however, has held (as is axiomatic to basic contract law) that "if consent or mutuality did not exist when the parties entered into the separation agreement because of fraud or material mistake or misrepresentation, then there was no agreement upon which the dissolution decree could have been based. This lack of mutuality undermines the integrity of the dissolution proceeding and may constitute grounds to set aside the decree under Civ.R. 60(B)." *In re Whitman* at 241.

{¶96} Thus, a separation agreement, like any other contract, procured by fraud, duress, overreaching, or undue influence may be vacated by the court. *Id.* at 241.

{¶97} In an action for fraudulent misrepresentation, the plaintiff must prove, by a preponderance of the evidence, each of the following elements: (a) a representation or, where there is a duty to disclose, concealment of a fact, which (b) is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169 (1984).

26

{¶98} In reviewing the evidence that the parties' submitted, the trial court found Mr. Krueger failed to disclose information about the parties' HGR interest that was known only to him after the parties agreed to rely on HGR's internal 2020 certificate of value and forgo an expert valuation. Once Mr. Krueger began negotiating the sale of HGR in December 2020, he had a duty to disclose the possible sale and the increase in value of the parties' interest. Further, he misrepresented the value and concealed the sale during the dissolution process, in the parties' separation agreement and confidential memorandum of understanding, and lied under oath, in open court, during the dissolution hearing. It is also apparent Mr. Krueger intended for Ms. Krueger to rely on the erroneous valuation, which was a material term of the parties' division of property, and that Ms. Krueger justifiably did so, resulting in a windfall for Mr. Krueger. We cannot say the trial court abused its discretion under these circumstances.

{¶99} While Mr. Krueger appears to believe he fulfilled his duty to disclose because Ms. Krueger was aware of the parties' 25% interest in HGR, this assertion ignores the circumstances of the parties' negotiation during the dissolution process. Under these circumstances, "[f]ull disclosure . . . means disclosure of all assets, *as well as disclosure of the value of the assets.* 'The essence of the dissolution process is a meeting of minds on all factors material to the dissolution * * *. It is mandatory not only that the husband and wife agree to the separation agreement but also that the separation agreement cover all points of potential controversy between them.' *In re Murphy* (1983), 10 Ohio App.3d 134, 137, 461 N.E.2d 910." (Emphasis added.) *In re Wood*, 1997 WL 467338, *6 (10th Dist. Aug. 12, 1997).

27

**{¶100}** In a similar case, *Marvet v. Marvet*, 2003-Ohio-5605 (6th Dist.), the Sixth District affirmed the trial court's judgment granting the wife's Civ.R. 60(B)(3) motion for relief from judgment because the husband misrepresented the value of a stock account that was material to the parties' settlement agreement. *Id.* at ¶ 43. While the husband claimed he only provided an estimate and his wife could have checked the value of the account herself, it was clear from the record that the wife's counsel told the husband that the wife was not treating the valuation as an estimate and was relying on his representation and that he was in the position to verify the account's balance. *Id.* at ¶ 43, 46. The court further found that to the extent the valuation was provided for settling the parties' divorce, the husband clearly intended the wife to rely on his misrepresentation. *Id.* at ¶ 45. The husband could have made it clear to the wife and the court that his valuation should not be relied on in any way. *Id.* at ¶ 47. *See also In re Sertz v. Sertz*, 2012-Ohio 2120, ¶ 39 (11th Dist.) (this court affirmed the trial court's judgment granting Civ.R. 60(B)(3) relief where wife submitted evidence that husband fraudulently induced her into signing a separation agreement that lacked certain financial disclosures and overwhelmingly benefitted his own financial interests); *Rettig v. Rettig*, 2010-Ohio-2122, ¶ 27-28 (6th Dist.) (court affirmed trial court's judgment that granted Civ.R. 60(B)(3) relief to the wife since evidence reflected that during the dissolution proceedings, the husband concealed that, as chief operating officer, he would profit from the sale of his company and that his company had a buyer even though his interest had no value at the time of the dissolution).

**{¶101}** Because of Mr. Krueger's fraud/misrepresentation, there was no mutuality of the parties' understanding and agreement as to a material term of the separation

28

agreement (the parties' 25% interest in HGR was one of their largest assets) and that portion of their property division is invalid.

{¶102} While this could be grounds to vacate the entire dissolution decree, the separation agreement contained a savings clause allowing "any portion of the Agreement . . . deemed unenforceable" to be excised, allowing the remaining portions of the agreement to remain "in full force and effect." Since the language of the savings clause clearly indicates the parties intended the contract to be severable, one need not look past its plain meaning. *See Toledo Police Patrolmen's Assn., Local 10, IUPA v. Toledo*, 94 Ohio App.3d 734, 741 (6th Dist. 1994).

{¶103} The separation agreement also contained a clause for the failure to disclose a substantial asset (or debt) whereby the parties agreed that if one of the parties failed to disclose an asset to modify the property division, the other party was entitled to 50% of the asset (or its value). The clause further provided that the court "has the authority to award the other party treble damages" and/or other equitable relief.

{¶104} Thus, the trial court did not abuse its discretion by finding that Ms. Krueger demonstrated (1) she had a meritorious claim if relief is granted, (2) she was entitled to relief under Civ.R. 60(B)(3) for fraud/misrepresentation, and (3) she filed her motion not more than one year after the judgment of dissolution. Mr. Krueger submitted no evidence in rebuttal to refute her claims. Further, the parties' separation agreement dictated that the offending property division could be excised from the agreement and how the court should divide a substantial undisclosed asset, which included granting the court jurisdiction to award damages.

{¶105} Mr. Krueger's first, second, and third assignments of error are without merit.

29

Case No. 2023-G-0046

## Tax Consequences

{¶106} In his fifth assignment of error, Mr. Krueger contends the trial court's modified division of property is neither just nor equitable and constitutes an abuse of discretion. More specifically, Mr. Krueger argues the trial court failed to consider the tax consequences of what he received from the sale of HGR, which amounted to $2,794,438.

{¶107} In *Rice v. Rice*, 2007-Ohio-2056 (11th Dist.), we explained that "[p]ursuant to R.C. 3105.171(F)(6), the trial court is required to consider the tax consequences of a property division. Likewise, R.C. 3105.18(C)(1)(l) requires the court to consider the tax consequences, for each party, of an award of spousal support. In interpreting these Revised Code sections, the general rule is that, ordinarily, 'if the award is such that, in effect, it forces a party to dispose of an asset to meet obligations imposed by the court, the tax consequences of that transaction should be considered.' *Day v. Day* (1988), 40 Ohio App.3d 155, 159, 532 N.E.2d 201. However, 'where an appellant has failed to produce evidence of tax consequences in the trial court * * * tax consequences are speculative and need not be considered.' *Bauman v. Bauman*, 6th Dist. No. E-01-025, 2002-Ohio-2172, at ¶ 16. The rationale is that without evidentiary support to show what the tax consequences would be, the court would be asked to erroneously engage in determining the tax consequences of the transaction based upon mere conjecture or speculation. *White v. White* (Feb. 18, 1998), 9th Dist. No. 18275, 1998 WL 103338." *Id.* at ¶ 31. *See also Ferrero v. Ferrero*, 1999 WL 744431, *6 (11th Dist. June 8, 1999) (appellant presented no evidence at the trial court level on the tax consequences of the court's property division besides argumentation; thus, he waived the right to assert this as error on appeal); *Pearlstein v. Pearlstein*, 2009-Ohio-2191, ¶ 146-149 (11th Dist.).

30

{¶108} Because Mr. Krueger failed to present any evidence of the tax consequences from the proceeds he received from the sale of HGR, we cannot find the trial court abused its discretion. Any determination by the trial court would have been speculative.

{¶109} Mr. Krueger's fifth assignment of error is without merit.

### Cumulative Error

{¶110} In his sixth assignment of error, Mr. Krueger contends the cumulative effect of the trial court's errors deprived him of his due process rights. As errors, Mr. Krueger contends that he was denied his right to discovery, Ms. Krueger should have obtained an expert valuation, the trial court allowed the parties to file summary judgment motions, and the trial court lacked jurisdiction to modify a division of property order.

{¶111} "'Under the cumulative-error doctrine, a judgment can be reversed when the cumulation of errors prevents a fair trial even if each individual error alone does not justify reversal.'" *Woods v. Flemings*, 2024-Ohio-460, ¶ 60 (8th Dist.), quoting *Daniels v. Northcoast Anesthesia Providers, Inc.*, 2018-Ohio-3562 ¶ 66 (8th Dist.).

{¶112} Since we have determined that, at most, the trial court committed a harmless error, the cumulative error doctrine does not apply.

{¶113} Mr. Krueger's sixth assignment of error is without merit.

{¶114} Our review of the trial court's judgment entry reveals clerical errors in its calculation of the parties' respective property interests in HGR on pages 18-19, paragraphs 6(A) and (B). Thus, we remand for the trial court to issue a nunc pro tunc judgment entry reflecting the proper amounts, as reflected on pages 20 and 21. A trial court may enter a nunc pro tunc order "to reflect its true actions so that the record speaks

Case No. 2023-G-0046

the truth." *Estate of Shury v. Cusato*, 2024-Ohio-2066, ¶ 25 (8th Dist.), quoting *McGowan v. Giles*, 2000 WL 284174, ¶ 11 (8th Dist. Mar. 16, 2000), quoting *Ass. Estates Corp. v. Cleveland*, 1999 WL 588242, 2-3 (8th Dist. Aug. 5, 1999).

{¶115} The judgment of the Geauga County Court of Common Pleas is affirmed and remanded for the limited purpose of the trial court's issuance of a nunc pro tunc judgment entry.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.